IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br>        Plaintiff,<br><br>v.<br><br>**SINGLEWIRE SOFTWARE, LLC,**<br>        Defendant | **Civil Action No. 3:25-cv-00072-WMC**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. RELEVANT FACTUAL BACKGROUND AND INTRODUCTION ....................1

II. STANDARD ........................................................................................................2

III. THE FOCUS OF THE CLAIMED ADVANCE OVER THE PRIOR ART ESTABLISHES THE CLAIMS ARE DIRECTED TO PATENTABLE SUBJECT MATTER ..........................................................................................4

   A. The Claims of the '932 Patent Are Directed to Concrete Steps.........................4

   B. Defendant Oversimplifies the Claimed Invention and Ignores Important Limitations...............................................................................................................8

      1. Defendant's Caselaw is Not on Point .......................................................10

IV. THERE ARE INVENTIVE ASPECTS OF THE '932 PATENT THAT PRECLUDE DISMISSAL AT THIS STAGE.........................................................12

   A. Factual Allegations in the Complaint Patent Specification Preclude Summary Judgment ................................................................................................................13

   B. The Claims of the '932 Patent Overcome a Specific Problem Alert Notification ...........................................................................................................14

V. RESPONSE TO MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS................................................................................................................15

VI. CONCLUSION AND PRAYER ..........................................................................15

**TABLE OF CONTENTS**

I. RELEVANT FACTUAL BACKGROUND AND INTRODUCTION ....................1

II. STANDARD ........................................................................................................2

III. THE FOCUS OF THE CLAIMED ADVANCE OVER THE PRIOR ART ESTABLISHES THE CLAIMS ARE DIRECTED TO PATENTABLE SUBJECT MATTER ..........................................................................................4

   A. The Claims of the '932 Patent Are Directed to Concrete Steps.........................4

   B. Defendant Oversimplifies the Claimed Invention and Ignores Important Limitations...............................................................................................................8

      1. Defendant's Caselaw is Not on Point .......................................................10

IV. THERE ARE INVENTIVE ASPECTS OF THE '932 PATENT THAT PRECLUDE DISMISSAL AT THIS STAGE.........................................................12

   A. Factual Allegations in the Complaint Patent Specification Preclude Summary Judgment ................................................................................................................13

   B. The Claims of the '932 Patent Overcome a Specific Problem Alert Notification ...........................................................................................................14

V. RESPONSE TO MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS................................................................................................................15

VI. CONCLUSION AND PRAYER ..........................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) ......... 12, 14

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253 (Fed. Cir. 2016) ..................... 3, 11

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208. 134 S. Ct. 2347 (2014) ......................... 2, 5

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016) ..... 4

*Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) ............................................... 3, 12, 13, 14

*BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281 (Fed. Cir. 2018) ......................................... 12

*Chamberlain Gr. v. Techtronic Indus. Co.* 935 F.3d 1341 (Fed. Cir. 2019) ................................ 10

*ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759 (Fed. Cir. 2019) ..................................... 13

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018) .................. 3

*DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014) .................................. 15

*Eyetalk365, LLC v. Zmodo Tech. Corp.*, 356 F. Supp. 3d 1059 (D. Nev. 2018) ...................... 4, 10

*FairWarning IP, LLC v. Iatric Sys., Inc.* 839 F.3d 1089 (Fed. Cir. 2016) ................................... 11

*Guidry v. Am. Pub. Life Ins. Co*, 512 F.3d 177 (5th Cir. 2007) ............................................. 13, 14

*Intellectual Ventures I LLC v. Capital One Fin Corp.* 850 F.3d 1332 (Fed. Cir. 2017) .............. 11

*Internet Patents Corp, v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015) .......................... 3

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 132 S. Ct. 1289 (2012) .... 2, 3

*McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016) .......................... 3

*Messaging Gateway Solutions, LLC v. Amdocs, Inc.* Civil Action No. 14-732-RGA, 2015
   U.S. Dist. LEXIS 49408 (D. Del. Apr. 15, 2015) ............................................................. 14, 15

*Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91 (2011) ............................................................... 12

*Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042 (Fed. Cir. 2016) ........................... 3, 9

*SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018) .......................................... 7, 13

*Tenaha Licensing LLC v. Vocera Communications, Inc.* Civil Action No. 19-208-LPS-SRF,
   2020 U.S. Dist. LEXIS 168, at 10 (D. Del. Jan. 2, 2020) ................................................ 11, 12

*Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084 (Fed. Cir. 2019) .................................. 4, 13

*Zimmers v. Eaton Corporation* No. 2:15-CV-2398, 2016 U.S. Dist. LEXIS 101023, 17 (S.D.
   Ohio Aug. 2, 2016) ................................................................................................................ 11

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Verna IP Holdings, LLC ("Verna") files this Response to Defendant Singlewire Software, LLC.'s ("Singlewire") Motion to Dismiss[1] ("Defendant's Motion") showing the Court that it should be denied:

## I.     RELEVANT FACTUAL BACKGROUND AND INTRODUCTION

The claimed technology of U.S. Patent No. 11,403,932 ("the '932 patent") relates to novel and improved methods, systems, and processor-readable media for providing instant/real-time voice alerts, automatically, to remote electronic devices.[2] Embodiments of the claimed invention provide numerous benefits over the prior art, including, but not limited to, automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices via specific cellular communications towers within a region.[3] The patent specification provides that such notifications were not possible prior to the claimed invention in a Personal Localized Alerting Network ("PLAN").[4] Other embodiments are described as working with "push technology," for instant push notification.[5]

The '932 patent issued on August 2, 2022, and is titled "Digitized Voice Alerts." The '932 patent comprises 18 claims, 4 of which are independent.[6] The priority date for each claim is May 24, 2011.[7]

Claim 1 is representative and provides:

---

[1] Doc. No. 7.
[2] Doc. No. 1-1 at Abstract and Claims.
[3] *See id.* at, at least, Column 3:24-37; Col 15:24-50; Col. 17: 20-27.
[4] *See id.* at Col 15:5-23.
[5] *See id.* at 4:56-4:3; 27:64-29:10.
[6] *See id*. at Claims 1, 10, 17 and 18.
[7] *See id* at 1:34-36.

1. A method for providing instant emergency voice alerts to wireless hand held device users in a specified region, the method comprising:

    determining an emergency situation affecting a specified region and requiring emergency notification of the emergency situation to wireless hand held device users in the specified region;

    generating and converting a text message indicative of the emergency situation into a digitized voice alert;

    converting the digitized voice alert into at least one language selected from a plurality of languages for broadcast of the digitized voice alert through the at least one wireless hand held device; and

    transmitting the digitized voice alert through specific towers of a cellular communications network in the specified region for distribution of an emergency announcement about the emergency situation provided by the digitized voice alert to at least one wireless hand held device in communication with the specific towers of the cellular communications network in the specified region.

The claims depending from Claim 1[8] add further material important to patentability.[9]

## II.    STANDARD

The Supreme Court articulated a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts."[10] At step one, the court must determine whether the claims are

---

[8] And the remaining dependent claims.
[9] Doc. No. 1-1 at Claims 2-9.
[10] *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217, 134 S. Ct. 2347 (2014); *see also Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77-78, 132 S. Ct. 1289 (2012).

2

directed to one of the three patent-ineligible concepts.[11] If not, "the claims satisfy [Section] 101 and [the court] need not proceed to the second step."[12] If the claims are directed to a patent-ineligible concept, the court must proceed to the second step of identifying an "inventive concept i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself."[13]

At step one, "the claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter."[14] However, "courts must be careful to avoid oversimplifying the claims by looking at them generally and failing to account for the specific requirements of the claims."[15]

At step two, the court must "look to both the claim as a whole and the individual claim elements" to determine whether they "amount[ ] to significantly more than a patent upon the ineligible concept itself"[16] "Simply appending conventional steps, specified at a high level of generality, [is] not enough to supply an inventive concept."[17] Instead, the claim elements must involve more than performance of "well-understood, routine, [and] conventional activities previously known to the industry."[18] "The inventive concept inquiry requires more than recognizing that each claim element, by itself, was known in the art. . . . [A]n inventive concept

---

[11] *Alice*, 573 U.S. at 217.
[12] *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018).
[13] *Alice*, 573 U.S. at 217-18 (quoting *Mayo*, 566 U.S. at 72-73).
[14] *Internet Patents Corp, v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015); *see also Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016) ("*DIRECTV*") ("The 'abstract idea' step of the inquiry calls upon us to look at the 'focus of the claimed advance over the prior art' to determine if the claim's 'character as a whole' is directed to excluded subject matter.").
[15] *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) (internal quotation marks omitted). "At step one, therefore, it is not enough to merely identify a patent-ineligible concept underlying the claim; [courts] must determine whether that patent-ineligible concept is what the claim is 'directed to." *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1050 (Fed. Cir. 2016).
[16] *McRO*, 837 F.3d at 1312.
[17] *Alice*, 573 U.S. at 222
[18] *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018) (citation and internal quotation marks omitted); *see also Mayo*, 566 U.S. at 73.

3

can be found in the non-conventional and non-generic arrangement of known, conventional pieces."[19]

Applying these standards, the claims of the '932 patent are patent eligible.

## III.   THE FOCUS OF THE CLAIMED ADVANCE OVER THE PRIOR ART ESTABLISHES THE CLAIMS ARE DIRECTED TO PATENTABLE SUBJECT MATTER

### A. The Claims of the '932 Patent Are Directed to Concrete Steps

To properly evaluate whether asserted claims "are directed to a patent-eligible concept,"[20] a court must examine "the focus of the claimed advance over the prior art to determine if the character of the claim as a whole, considered in light of the specification, is directed to excluded subject matter."[21] In other words, abstractness is determined by analyzing the claim as a whole, not whether each element standing alone is abstract.[22] Taking the claim as a whole, the focus of the claims is "automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices"[23] ("Focus").

This Focus is supported by the Abstract:

> (57)     **ABSTRACT**
>
> Methods, systems and processor-readable media for providing instant/real-time voice alerts automatically to remote electronic devices. An activity can be detected utilizing one or more sensors. A text message indicative of the activity can be generated and converted into a digitized voice alert. The activity can also be a live utterance (e.g., a live announce-  [24]

---

[19] *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).
[20] *Alice Corp. Pty. Ltd.*, 573 U.S. at 218.
[21] *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1092 (Fed. Cir. 2019).
[22] *See e.g., Alice Corp.*, 574 U.S. 208, 219, 134 S. Ct. 2347, 2359 (2014); *Eyetalk365, LLC v. Zmodo Tech. Corp.*, 356 F. Supp. 3d 1059, 1067 (D. Nev. 2018).
[23] Doc. No. 1-1, at Abstract and Claims, *generally*.
[24] *See id* at Abstract.

Assessing the focus of the claims from the Abstract is proper. However, further support for this Focus is provided in each independent claim:

For Claim 1:

> 1. A method for providing instant emergency voice alerts to wireless hand held device users in a specified region, the method comprising:
> determining an emergency situation affecting a specified region and requiring emergency notification of the emergency situation to wireless hand held device users in the specified region;
> generating and converting a text message indicative of the emergency situation into a digitized voice alert;
> converting the digitized voice alert into at least one language selected from a plurality of languages for broadcast of the digitized voice alert through the at least one wireless hand held device; and
> transmitting the digitized voice alert through specific towers of a cellular communications network in the specified region for distribution of an emergency announcement about the emergency situation provided by the digitized voice alert to at least one wireless hand held device in communication with the specific towers [25]

For Claim 10:

---

[25] *See id.* at 29:34-52.

> 10. A system for providing instant emergency voice alerts to wireless hand held device users in a specified region, the system comprising:
>   a processor;
>   a data bus coupled to the processor; and
>   a computer-usable medium embodying computer program code, the computer-usable medium being coupled to the data bus, the computer program code comprising instructions executable by the processor and configured for:
>     determining an emergency situation affecting a specified region and requiring emergency notification of the emergency situation to wireless hand held device users in the specified region;
>     generating and converting a text message indicative of the emergency situation into a digitized voice alert;
>     converting the digitized voice alert into at least one language selected from a plurality of languages for broadcast of the digitized voice alert through the at least one wireless hand held device; and
>     transmitting the digitized voice alert through specific towers of a cellular communications network in the specified region for distribution of an emergency announcement about the emergency situation provided by the digitized voice alert to at least one wireless hand held device in communication with the specific towers of the cellular communications net-[26]

For Claim 17:

> in the specified region;
> generate and convert a text message indicative of the emergency situation into a digitized voice alert;
> convert the digitized voice alert into at least one language [25] [27]
> ...
> transmit the digitized voice alert through specific towers of a cellular communications network in the specified region for distribution of an emergency announcement about the emergency situation provided by the digitized voice alert to at least one wireless hand held device in [28]

For Claim 18:

---

[26] *See id.* at 30:30-55.
[27] *See id.* at 31:22-25.
[28] *See id.* at 32:1-5.

> generating and converting a text message indicative of the emergency situation into a digitized voice alert; and
>
> transmitting the digitized voice alert through specific towers of a cellular communications network in the specified region for distribution of an emergency announcement about the emergency situation provided by the digitized voice alert to at least one wireless hand held device in communication with the specific towers of the cellular communications network in the specified[29]

As well, the specification of the '932 patent provides further support for the Focus in the Background of Invention where it specifies that "a need exists for an improved and efficient approach for transmitting or broadcasting instant voice alerts to remote electronic devices automatically during times of emergencies or as a part of security monitoring systems."[30] The Brief summary further confirms support for the Focus by

> It is another aspect of the disclosed embodiments to provide for text-to-voice alerts to be transmitted instantly and automatically to remote electronic devices such as, for example, cellular telephones, computers, Smartphones, tablet computing devices, televisions, remote electronic devices[31]

Further, the specification describes the prior art as containing text notifications for PLAN alerts, but not digitizing to voice,[32] and digitizing text messages into voice alerts for transmission to remote electronic devices.[33]

The '932 patent specification provides substantial detail for the claimed invention and its interconnectivity with each claimed element for sufficient specificity to be concrete.[34] For instance, the '932 patent provides reference to systems and methods that can be used to perform the text to voice conversion;[35] Figure 7 illustrates a block diagram of a system 490 for

---

[29] *See id.* at 32:16-25.
[30] *See id.* at 1:64-67.
[31] *See id.* at 2:16-20.
[32] *See id.* at 15:2-7.
[33] *See id.* at 2:10-4:3.
[34] *See, e.g., SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018).
[35] Doc. No. 1-1 at 11:12-12:8.

automatically providing instant voice alerts to remote electronic devices, in accordance with an embodiment;[36] Figure 8 illustrates a block diagram of a system 492 for automatically providing instant voice alerts to remote electronic devices from incidents detected within a security system;[37] Figure 9 illustrates a block diagram of a system 494 for automatically providing instant emergency voice alerts to wireless hand held device users in a specified region;[38] Figures 10-12 illustrate block diagrams of a processor-readable medium that can store code representing instructions to cause a processor to perform a process to, for example, provide automatic and instant voice alerts to remote electronic devices, in accordance with various embodiments;[39] Figure 13 illustrates a voice alert system 500 that can be implemented with a network 501 that can communicate with one or more of the remote electronic devices such as computer 198, Smartphones 199, 201, etc., tablet computing device 202, a television 203, an automobile 204, one or more servers, such as server 231, which can also communicate with network 501, wherein the database 230 (and other databases) can communicate with (via a network connection or other communication means with server 231);[40] and Figures 14-18 illustrate high-level flow charts of operations depicting logical operations of methods for providing an instant voice announcement automatically to remote electronic devices, in accordance with various embodiments.[41]  In short, there is ample disclosure of how to implement embodiments of the claimed invention.

### B. Defendant Oversimplifies the Claimed Invention and Ignores Important Limitations.

---

[36] *See id.* at 16:22-42.
[37] *See id.* at 16:43-17:2.
[38] *See id.* at 17:3-27.
[39] *See id.* at 17:43-18:29.
[40] *See id.* at 18:46-18:64.
[41] *See id.* at 21:17-23:44.

Defendant's Motion is an oversimplification and focuses on claim elements rather than the claim as a whole. Defendant "describe[s] the claims at such a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule."[42]

Defendant cites to 2 of 25 Figures in an attempt to paint the illusion that the claims of the '932 patent are directed to broad results.[43] However, reference to Figures 1, 2, and 13-18 shows detailed granularity and rules used in various embodiments of the invention, for example:


[44]

---

[42] *Microsoft Corp.*, 822 F.3d at 1337.
[43] Doc. No. 8 at 3 (showing Figures 6 and 9).
[44] Doc. No 1-1 at Fig. 16.

Defendant next oversimplifies the claimed invention by specifying that a "claimed notification by voice rather than text is a concept,"[45] and in doing so reads out substantial claim elements. The focus of the claims of the '932 patent is not on notification by voice but rather on "automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices."[46] The patent specification provides that such automatic digitized conversion was not available in the prior art systems.[47] Thus, the focus of the claims is on transforming the physical and data characteristics of text messages by digitizing them into voice alerts, not on the transmission or distribution of the alert.[48]

### 1. Defendant's Caselaw is Not on Point

Defendant cites several cases that are not on point. First, Defendant cites *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*[49] for the proposition that "the broad concept of communicating information wirelessly, without more, is an abstract idea." However, Plaintiff's invention is more, as it converts (transforms) a text message into a new form of data or message, a digitized voice alert. Plaintiff's claims are much more like the claims in *Eyetalk365 v. Zmodo Tech. Corp.*,[50] where the court explained, "[d]etecting the presence of a person at a door, sending a video of the person to be viewed, and speaking with the person at the door are all concrete steps requiring more than the abstract thinking capabilities of a person or a computer. . . . Claim 1 is patent-eligible under § 101."[51] Similarly, Claim 1, as well as asserted claims 2-18, provide concrete steps requiring more than the abstract thinking capabilities of a person or a computer.

---

[45] Doc. No. 8 at 12.
[46] Doc. No. 1-1 at Abstract and Claims, *generally*.
[47] *See id.* at 15:5-9.
[48] *See* footnotes 35-41.
[49] 935 F.3d 1341, 1347 (Fed. Cir. 2019).
[50] 356 F. Supp. 3d 1059, 1067 (D. Nev. 2018).
[51] *See id.*

Defendant next cites *Affinity Labs of Texas, LLC v. DirecTV, LLC*[52] for the proposition that patent claims directed to the function of wirelessly communicating regional broadcast content to an out-of-region recipient are patent ineligible. Plaintiff agrees but its claims are not so directed. Plaintiff's claims are directed to the "automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices."[53]

Defendant next cites *Zimmers v. Eaton Corp.*[54] for the proposition that claims "drawn to the abstract idea of providing alert notifications to multiple persons" alone is ineligible. However, Plaintiff's claims are not only directed to providing alert notifications to users, as discussed previously.[55] Thus, the case is not on point.

Defendant's case *FairWarning IP, LLC v. Iatric Sys., Inc.*[56] is directed to a finding that claims directed towards collecting and analyzing information to detect misuse and notifying a user when misuse is detected are ineligible.[57] Such claims are not remotely similar to the claims at issue in the present case.

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*[58] held claims directed to directed to the abstract idea of collecting, displaying, and manipulating data are ineligible.[59] Such claims are not similar to the claims in the present case.

For *Tenaha Licensing LLC v. Vocera Communs., Inc.*[60], the district court found that when a specification broadly describes the invention as being directed to "alert and notification

---

[52] 109 F. Supp. 3d 916 (W.D. Tex. 2015), *aff'd*, 838 F.3d 1253 (Fed. Cir. 2016).
[53] Doc. No. 1-1 at Abstract and Claims, *generally*.
[54] No. 2:15-CV-2398, 2016 U.S. Dist. LEXIS 101023, *17-19 (S.D. Ohio Aug. 2, 2016).
[55] *See Supra* at 6-10.
[56] 839 F.3d 1089 (Fed. Cir. 2016).
[57] *See id.* at 1094.
[58] 850 F.3d 1332 (Fed. Cir. 2017).
[59] *See id.* at 1340.
[60] Civil Action No. 19-208-LPS-SRF, 2020 U.S. Dist. LEXIS 168, at *10-12 (D. Del. Jan. 2, 2020).

transmission" and the claim language itself shows that the invention is focused on relaying notification signals, the claims are patent ineligible.[61] Here, Plaintiff's claims are directed to "automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices"[62] and the specification repeatedly recites this focus.[63] The claims of the '932 patent are directed to concrete steps to achieve the focus of "automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices" and thus are patent eligible.[64]

## IV.   THERE ARE INVENTIVE ASPECTS OF THE '932 PATENT THAT PRECLUDE DISMISSAL AT THIS STAGE.

To evaluate whether asserted claims satisfy *Alice*'s second step of "search[ing] for an 'inventive concept,'"[65] a court considers "the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application."[66] While a court may determine patent eligibility at the Rule 12(b)(6) stage, it is "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law."[67] "Plausible factual allegations may preclude dismissing a case under § 101."[68] All facts pertinent to the eligibility question must be proven by clear and convincing evidence.[69] Here, VernaIP makes numerous factual allegations in the patent specification that are not rebutted by Defendant.

---

[61] *Tenaha Licensing LLC v. Vocera Communs., Inc.*, Civil Action No. 19-208-LPS-SRF, 2020 U.S. Dist. LEXIS 168, at *10-12 (D. Del. Jan. 2, 2020).
[62] See Doc. No. 1-1 at Abstract and Claims, *generally*.
[63] *See id. at 2:10-4:3*.
[64] *See id.* at Abstract and Claims, *generally*.
[65] *Alice*, 573 U.S. at 217, 134 S.Ct. 2347.
[66] *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1289 (Fed. Cir. 2018)
[67] *Green Shades Software, Inc.*, 882 F.3d at 1125.
[68] *Id.*
[69] *HP Inc.*, 881 F.3d at 1368 citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

**A. Factual Allegations in the Amended Complaint and Patent Specification Preclude Summary Judgment.**

Even if this Court determines VernaIP's claims directed towards an abstract idea, patent eligibility is possible if the abstract idea include[s] 'additional features' to ensure that the claim is more than a drafting effort designed to monopolize the abstract idea."[70] "These additional features cannot simply be well-understood, routine, conventional activities previously known to the industry."[71] Here, there are numerous improvements over the prior art mentioned in the patent specification.

As such, there are factual allegations of improvements over the prior art, which must be taken as true at this stage of the litigation,[72] including:

1. providing an audible notification to a driver of a vehicle so they are not distracted;[73]

2. providing that such notifications were not possible prior to the claimed invention in a Personal Localized Alerting Network ("PLAN");[74]

3. providing an improved and efficient approach for transmitting or broadcasting instant voice alerts to remote electronic devices automatically during times of emergency or security monitoring to save lives and resources.[75]

---

[70] *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 773 (Fed. Cir. 2019) (quotations and alterations omitted); *see also Trading Techs.*, 921 F.3d at 1093 ("Step two 'looks more precisely at what the claim elements add' to determine if 'they identify an inventive concept in the application of the ineligible matter to which...the claim is directed." (quoting *SAP*, 898 F.3d at 1167).
[71] *ChargePoint*, 920 F.3d at 773 (quotation and alteration omitted); *see HP Inc.*, 881 F.3d at 1367 ("The second step of the *Alice* test is satisfied when the claim limitations involve more than performance of well-understood, routine, and conventional activities previously known to the industry." (quotation and alteration omitted)
[72] *Guidry v. Am. Pub. Life Ins. Co*, 512 F.3d 177, 180 (5th Cir. 2007).
[73] Doc. No. 1-1 at 15:1-5; 20:61-21:9; Doc. No. 1 at 3.
[74] *See id.* at 14:5-9; Doc. No. 1 at 3.
[75] *See id.* at 1:53-67; Doc. No. 1 at 3.

Thus, taking all inferences in VernaIP's favor,[76] dismissal at this stage is inappropriate.[77]

### B. The Claims of the '932 Patent Overcome a Specific Problem in Alert Notification

The Claims of the '932 patent provide a solution to a specific problem arising in alert notification, namely "automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices."[78] The prior art PLAN systems did not include this functionality.[79] Thus, the claimed improvements cannot be said to be conventional when viewing the claim as a whole.

Stated another way, the claims of the '932 patent are further patentable for similar reasons that the claims in *Messaging Gateway Sols., LLC v. Amdocs, Inc.*[80] were found patentable wherein the court in that case found the claims "directed to a problem unique to text-message telecommunication between a mobile device and a computer. The solution [ ] it provides is tethered to the technology that created the problem."[81] Similarly, the present claims are directed to a problem unique to text message alert notification. The solution the '932 patent provides, automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices, is tethered to the technology that created the problem.[82] Stated another way,

---

[76] *Guidry*, 512 F.3d at 180.
[77] *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018); *see also Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).
[78] Doc. No. 1-1 at Abstract and Claims, *generally*.
[79] *See id.* at 15:5-9.
[80] Civil Action No. 14-732-RGA, 2015 U.S. Dist. LEXIS 49408 (D. Del. Apr. 15, 2015).
[81] *Messaging Gateway Sols., LLC v. Amdocs, Inc.*, Civil Action No. 14-732-RGA, 2015 U.S. Dist. LEXIS 49408, at *15-16 (D. Del. Apr. 15, 2015).
[82] *Messaging Gateway Sols., LLC v. Amdocs, Inc.*, Civil Action No. 14-732-RGA, 2015 U.S. Dist. LEXIS 49408, at *16-17 (D. Del. Apr. 15, 2015).

the present claims allow alert notification where it would otherwise be impossible and thus are patent eligible.[83]

As in *Messaging Gateway Solutions*, the claims here are directed as a whole to a "specific problem arising in the realm of" text to voice alert communication.[84] Traditionally alerts were not sent to wireless hand held devices in a digitized voice format, just like how in *Messaging*, traditionally "phones could not send SMS text messages to computers."[85] Thus, here the claimed invention "overrides conventional practice."[86] Here, the specification provides concrete examples of how to practice the claims tethering the solution "to the technology that created the problem." For the same reason, the claims of the '932 Patent avoid the disqualifying problem identified in *Alice*, preempting the abstract idea of pushing alerts to wireless devices.[87]

The preset claims therefore, when "taken together as an ordered combination, ... recite an invention that is not merely the routine or conventional" use of a text message-based alert.[88] The claims do not try to pre-empt every use of a text message-based alert, but rather recite a specific way to automate digitized conversion of text messages to voice alerts for transmission to remote electronic devices,[89] thus claiming additional features that render the claims patent eligible.[90]

## V.  CONCLUSION AND PRAYER

---

[83] *See id.*
[84] *Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, No. 14-732-RGA, 2015 U.S. Dst. LEXIS 49408, at *15 (D. Del. Apr. 15, 2015).
[85] *Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, No. 14-732-RGA, 2015 U.S. Dist. LEXIS 49408, at *16 (D. Del. Apr. 15, 2015).
[86] *Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, No. 14-732-RGA, 2015 U.S. Dist. LEXIS 49408, at *15 (D. Del. Apr. 15, 2015).
[87] *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014); *Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, No. 14-732-RGA, 2015 U.S. DIst. LEXIS 49408 at *17 (D. Del. Apr. 15, 2015).
[88] *See, e.g., DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014).
[89] *See* Ex. 1 at Abstract and Claims, *generally*.
[90] *See, e.g., DDR Holdings, LLC*, 773 F.3d at 1259.

Plaintiff VernaIP respectfully requests and prays that the Court deny, in its entirety, Defendant's Motion to Dismiss.

Respectfully submitted,

**Ramey, LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Verna IP Holdings, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of April 4, 2025, with a copy of the foregoing via e-mail.

/s/ William P. Ramey, III<br>
William P. Ramey, III