# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,** | |
| Plaintiff, | C.A. No. 3:25-CV-00072 |
| v. | **JURY TRIAL DEMANDED** |
| **SINGLEWIRE SOFTWARE, LLC** | |
| Defendant. | |

## DEFENDANT SINGLEWIRE'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

FISH & RICHARDSON P.C.
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad (*pro hac vice forthcoming*)
conrad@fr.com
Texas Bar No. 24049042
Philip G. Brown (*pro hac vice*)
pgbrown@fr.com
Texas Bar No. 24132695
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Susmitha Sayana *(pro hac vice)*
sayana@fr.com
DE Bar No. 7337
222 Delaware Ave., Suite 1700
Wilmington, DE 19801
(302) 652-5070 (Telephone)
(302) 652-0607 (Facsimile)

*Attorneys For Defendant*
*Singlewire Software, LLC*

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ................................................................................................ 1

II. LEGAL STANDARDS ....................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 4

    A. Plaintiff's purported assignment is invalid because the assignment transferred rights to a nonexistent entity. ................................................................................................................ 4

    B. Plaintiff lacked standing at the time of filing. ..................................................................... 6

IV. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F. 3d 1359 (Fed. Cir. 2010) ................................................................................6, 7

*AmeriPath, Inc. v. Hebert*,
    447 S.W. 3d 319 (Tex. App.—Dallas 2014, pet. denied) ................................................5

*Fieldturf, Inc. v. Southwest Rec. Indus., Inc.*,
    357 F.3d 1266 (Fed.Cir.2004) ........................................................................................3

*Hy Cite Corp. v. Regal Ware, Inc.*,
    No. 10 CV 168 WMC, 2011 WL 1206768 (W.D. Wis. Mar. 15, 2011) .........................2

*Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
    248 F.3d 1333 (Fed. Cir. 2001) ......................................................................................3

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019) ......................................................................................6

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007) ......................................................................................3

*Pandrol USA, LP v. Airboss Ry. Prods.*,
    320 F.3d 1354 (Fed. Cir. 2003) ......................................................................................3

*Propat Int'l Corp. v. RPost, Inc.*,
    473 F.3d 1187 (Fed. Cir. 2007) ......................................................................................3

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    959 F. 3d 1065 (Fed. Cir. 2020) .....................................................................................5

*Sicom Sys. Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005) ....................................................................................2, 3

*SiRF Tech., Inc. v. Int'l Trade Comm'n*,
    601 F.3d 1319 (Fed. Cir. 2010) ......................................................................................3

*Verna IP Holdings, LLC v. Alert Media LLC*,
    C.A. No. 6:23-cv-00373-ADA (Feb. 27, 2024 W.D. Tex.) .........................................5, 6

*WesternGeco, L.L.C. v. Input/Output, Inc.*,
    246 S.W.3d 776 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ................................5

**Statutes**

28 U.S.C. § 1338(a) ...................................................................................................................3

35 U.S.C. §§ 100(d), 281 ..........................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)..........................................................................................................6, 7

U.S. Patent No. 11,403,932................................................................................................ *passim*

iv

## TABLE OF EXHIBITS

| No. | Abbreviation | Description |
|---|---|---|
| 1 | Texas Verna Formation | Certificate of Formation for Texas Verna |
| 2 | New Mexico Verna Dissolution | Dissolution of New Mexico Verna in New Mexico Secretary of State |
| 3 | New Mexico Verna Cert. of Dissolution | Verna IP Holdings, LLC, Certificate of Dissolution |

To maintain a patent infringement suit, a plaintiff must possess legal title to the asserted patent at the time of filing the complaint, but Verna cannot meet that requirement. Verna's only claim to title of the asserted patent comes from an invalid assignment made to a nonexistent entity. The purported assignment of was made by a New Mexico limited liability company to a Texas limited liability company that did not exist at the time of the assignment, both with the same name. Because the Texas entity was not yet formed, it lacked legal capacity to receive the patent rights. The assignment is therefore a nullity, and Verna, the plaintiff in this case, did not hold enforceable rights in the '932 Patent at the time it initiated this lawsuit. This fatal defect means that Verna does not have standing, and this Court does not have subject matter jurisdiction. Therefore, this case must be dismissed.

I. **FACTUAL BACKGROUND**

Plaintiff in this case is Verna IP Holdings, LLC ("Texas Verna," "Verna," or "Plaintiff'"), a Texas limited liability company with its principal place of business in Austin, Texas. (Dkt. 1 ¶ 1.) Plaintiff filed suit against Defendant Singlewire Software, LLC ("Singlewire") on January 29, 2025, alleging infringement of U.S. Patent No. 11,403,932 ("'932 Patent").

On May 29, 2025, in accordance with the Preliminary Pretrial Conference Order (Dkt. 23), Plaintiff submitted a "Proof of Standing" (Dkt. 24), attaching a declaration and assignment documents. According to that submission, the '932 Patent was assigned on October 11, 2023, by Verna IP Holdings, LLC, a New Mexico limited liability company ("New Mexico Verna"), to Texas Verna. (Dkt. 24 at Ex. A.) Yet on October 11, 2023, when the assignment was made, Texas Verna did not exist. The Texas Verna entity was not formed until thirteen days after this date, on October 24, 2023. (Ex. 1, Texas Verna Formation (annotations added).)

1



Following the purported assignment on October 11, New Mexico Verna was promptly dissolved five days later on October 16, 2023. (Ex. 2, New Mexico Verna Dissolution (annotations added).)



No other assignment or confirmatory documentation is referenced in Verna's proof of standing. (Dkt. 24.)

**II.     LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction and may only hear cases where the plaintiff has standing under Article III. *See, e.g., Hy Cite Corp. v. Regal Ware, Inc.*, No. 10 CV 168 WMC, 2011 WL 1206768, at *3 (W.D. Wis. Mar. 15, 2011). The plaintiff has "the burden of establishing that it has standing" in every federal action. *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971,

2

975-76 (Fed. Cir. 2005). Courts must dismiss a suit when the plaintiff lacks standing at the time of filing the suit no matter when the issue is raised. *Id.* at 975-76; *Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003) ("It is well-established that any party, and even the court sua sponte, can raise the issue of standing for the first time at any stage of the litigation."). If the plaintiff lacks standing to sue, the case must be dismissed under 28 U.S.C. § 1338(a) for lack of subject matter jurisdiction. *See Fieldturf, Inc. v. Southwest Rec. Indus., Inc.*, 357 F.3d 1266, 1268 (Fed.Cir.2004).

To show constitutional standing, a plaintiff must demonstrate a personal injury traceable to the defendant's allegedly unlawful conduct and redressable by the requested relief. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338-39 (Fed. Cir. 2007). "Since the patent statutes give rise to the right to sue others for patent infringement, they also define the nature and source of the infringement claim and determine the party that is entitled to judicial relief." *Id.* at 1339. Under the patent statutes, the "patentee"—defined as the person to whom the patent was issued and "successors in title"—has the right to sue for infringement of his patent. 35 U.S.C. §§ 100(d), 281. These statutory provisions thus "require that a suit for infringement of patent rights ordinarily be brought **by a party holding legal title to the patent**." *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007) (emphasis added); *Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001). Simply, "recording of an assignment with the PTO is not a determination as to the validity of the assignment." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1328-29 (Fed. Cir. 2010).

3

## III.    ARGUMENT

### A.    Plaintiff's purported assignment is invalid because the assignment transferred rights to a nonexistent entity.

The assignment Plaintiff relies on to establish standing in this case is invalid. The purported assignment transferred rights from a New Mexico limited liability company to a nonexistent Texas limited liability company.

Verna's own evidence of standing establishes that there is a fundamental flaw with this case. Plaintiff's Proof of Standing filed on May 19, 2025, included an assignment executed by Verna New Mexico (signed by Luis M. Ortiz and Kermit D. Lopez) purporting to assign the rights in the '932 Patent to Texas Verna. (Dkt. 24, Ex. A.) This assignment was executed on October 11, 2023. (Dkt. 24, Ex. A.)

| ASSIGNOR: VERNA IP HOLDINGS LLC | | | |
|---|---|---|---|
| Name | Title | Date | Signature |
| Luis M. Ortiz | President Managing Member | 10/4/23 | [signature] |
| Kermit D. Lopez | Secretary and Treasurer Managing Member | 10/11/2023 | [signature] |

But the problem arises because this transfer between Verna entities did not occur at a time when both entities existed. According to the assignment, this transfer was executed on October 11, 2023—thirteen days before the Texas Verna was formed.

The New Mexico Verna entity was formed on June 20, 2011. (Ex. 2, New Mexico Verna Dissolution.) It was dissolved in October 2023. (Ex. 2, New Mexico Verna Dissolution; Ex. 3, New Mexico Verna Cert. of Dissolution.) The Texas Verna entity was not formed until October 24, 2023, according to Texas Secretary of State filings. (Ex. 1, Texas Verna Formation.) Consequently, on October 11, 2023, when Luis M. Ortiz and Kermit D. Lopez executed the assignment on behalf of New Mexico Verna, the assignee did not exist.

4

The assignment of a patent's legal title is interpreted under contract statutes and common law in the state where the assignment took place. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F. 3d 1065 (Fed. Cir. 2020). Therefore, the assignment to Texas Verna must be reviewed under Texas law. In Texas, an entity does not exist prior to filing of the certificate of formation. Tex. Bus. Org. Code. § 3.001(c) ("The existence of a filing entity commences when the filing of the certificate of formation takes effect"). It is a "settled rule that if one of the parties does not exist, no contract can be formed." *AmeriPath, Inc. v. Hebert*, 447 S.W. 3d 319, 332–333 (Tex. App.—Dallas 2014, pet. denied); *see also WesternGeco, L.L.C. v. Input/Output, Inc.*, 246 S.W.3d 776, 786–787 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (explaining "a nonexistent entity cannot enter into a contract"). As such, Texas Verna did not exist on October 11, 2023, and the assignment was not a valid contract under Texas law. The assignment to the non-existent Texas Verna on October 11, 2023, was therefore ineffective.

Further, Plaintiff should have known about this fatal flaw well before filing this suit. The problematic timeline regarding the creation and dissolution of these entities in tandem with the assignment of the '932 Patent has been discussed in public filings in other cases brought by Plaintiff. *See Verna IP Holdings, LLC v. Alert Media LLC*, C.A. No. 6:23-cv-00373-ADA (Feb. 27, 2024 W.D. Tex.) (Dkt. 37 at 3-4); *Verna IP Holdings, LLC v. Alert Media LLC*, C.A. No. 6:23-cv-00373-ADA (Feb. 27, 2024 W.D. Tex.) (Dkt. 24 at 11-12); *Verna IP Holdings, LLC v. Alert Media LLC*, C.A. No. 6:23-cv-00373-ADA (Feb. 27, 2024 W.D. Tex.) (Dkt. 20). In that case, it was alleged, and supported by documents, that Mr. Ortiz and Mr. Lopez executed the assignment on October 11, 2023, purporting to assign all patents from New Mexico Verna to a Texas entity that had not yet been formed.

5

Despite this documented timeline, Plaintiff continued asserting ownership over the '932 Patent. By November 11, 2023, Plaintiff began filing new lawsuits asserting the '932 Patent under the name of the Texas entity. *See Verna IP Holdings, LLC v. Alert Media LLC*, C.A. No. 6:23-cv-00373-ADA (Feb. 27, 2024 W.D. Tex.) (Dkt. 24 at 13). Those suits included actions in the Northern District of Texas, Northern District of Georgia, Southern District of Florida, and Eastern District of Texas, all relying on the same flawed assignment now at issue here. *Id*.

With this public record, Plaintiff should have been fully aware of this jurisdictional issue by January 29, 2025, when filing this lawsuit. Plaintiff could have taken steps necessary to cure this fatal flaw before it filed this case. But Plaintiff made no such effort and proceeded to file this case and represent to this Court twice that Plaintiff "owns the '932 patent by assignment" and the "assignment records are believed to establish standing." (Dkt. 1 at ¶ 6; Dkt. 24 at 1.) Verna's continued assertion of rights in this patent without curing the defect underscores the need for dismissal under Rule 12(b)(1).

**B.    Plaintiff lacked standing at the time of filing.**

As of the date that Plaintiff filed this case, no valid assignment conveyed the rights in the '932 Patent to Plaintiff, and as such, Plaintiff did not have standing to bring claims against Singlewire. Thus, this Court did not and does not have subject matter jurisdiction over this case.

Plaintiff filed this case on January 29, 2025. (Dkt. 1.) As of that date, the chain of title was defective, and Plaintiff did not possess any interest in the '932 Patent. This failure is fatal. Standing must exist at the time the suit is brought and cannot be cured retroactively. *See, e.g., Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019). Even a later-executed assignment cannot cure the defect if at the time of transfer, the plaintiff did not "have legal title to the patents on the day it filed the complaint." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F. 3d 1359, 1366 (Fed. Cir. 2010). As such, Plaintiff cannot cure this flawed assignment in

6

the present case. While Plaintiff could attempt to perfect the chain of title *post-hac*, this does not retroactively cure the jurisdictional defect. Without ownership, a party has "no authority to convey either the patents' equitable or legal titles" and the district court must dismiss the case for lack of standing. *Abraxis*, 625 F. 3d at 1366 (*nunc pro tunc* assignments are not sufficient to confer retroactive standing).

    Plaintiff did not—and could not—establish that Plaintiff owned the '932 Patent when it filed suit. Its Proof of Standing (Dkt. 24) only confirms the break in the chain of title. Without a valid assignment, this case must therefore be dismissed under Rule 12(b)(1).

## IV. CONCLUSION

In view of the foregoing, Singlewire respectfully requests that this Court grant its motion to dismiss.

Dated: July 30, 2025

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad (*pro hac vice forthcoming*)
    conrad@fr.com
    Texas Bar No. 24049042
    Philip G. Brown (*pro hac vice*)
    pgbrown@fr.com
    Texas Bar No. 24132695
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

    Susmitha Sayana *(pro hac vice)*
    sayana@fr.com
    DE Bar No. 7337
    222 Delaware Ave., Suite 1700
    Wilmington, DE 19801
    (302) 652-5070 (Telephone)
    (302) 652-0607 (Facsimile)

**ATTORNEYS FOR DEFENDANT SINGLEWIRE SOFTWARE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on July 30, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

    */s/ Neil J. McNabnay*
    Neil J. McNabnay