**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br>     **Plaintiff,** | **Civil Action No. 3:25-cv-00072-WMC** |
| **v.** | |
| **SINGLEWIRE SOFTWARE, LLC,**<br>     **Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT SINGLEWIRE SOFTWARE, LLC.'S
RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION**

Verna IP Holdings, LLC ("Verna") files this Response to Defendant Singlewire Software, LLC.'s Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction[1] ("Defendant's Motion") showing the Court that it should be denied .

## I.      RELEVANT FACTUAL BACKGROUND AND INTRODUCTION

The claimed technology of U.S. Patent No. 11,403,932 ("the '932 patent") relates to novel and improved methods, systems, and processor-readable media for providing instant/real-time voice alerts, automatically, to remote electronic devices.[2]  Embodiments of the claimed invention provide numerous benefits over the prior art, including, but not limited to, automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices via specific cellular communications towers within a region.[3]

Plaintiff in this case is Verna IP Holdings, LLC ("Texas Verna" or "Plaintiff'"),

---

[1] Doc. No. 25.
[2] Doc. No. 1-1 at Abstract and Claims.
[3] *See id.* at, at least, Column 3:24-37; Col 15:24-50; Col. 17: 20-27.

a Texas limited liability company with its principal place of business in Austin, Texas.[4] Plaintiff filed suit against Defendant Singlewire Software, LLC ("Singlewire") on January 31, 2025, alleging infringement of U.S. Patent No. 11,403,932 ("'932 Patent").[5]

On May 29, 2025, in accordance with the Preliminary Pretrial Conference Order,[6] Plaintiff submitted a "Proof of Standing,"[7] attaching a declaration and assignment documents. According to that submission, the '932 Patent was assigned on October 11, 2023, by Verna IP Holdings, LLC, a New Mexico limited liability company ("New Mexico Verna"), to Texas Verna.  The Texas Verna entity was officially formed as a limited liability company under the laws of the State of Texas on October 24, 2023.[8]

Prior to this, on September 18, 2023, the members of Verna IP Holdings LLC of New Mexico resolved to change from a New Mexico LLC to a Texas LLC.[9] Both Ortiz and Lopez intended for Verna Texas to be formed on or about September 18, 2023, when the members of Verna IP Holdings LLC of New Mexico resolved to change the LLC from being formed in New Mexico to being formed in Texas.[10]  However, the certificate of formation was not filed in Texas until October 11, 2023, and the Texas LLC entity was not formally formed as a registered limited liability company until October 24, 2023, by the Texas Secretary of State.[11]

Ortiz and Lopez assigned the '932 patent and other patents ("Assigned Patents") from Verna IP Holdings LLC of New Mexico to Verna IP Holdings LLC of Texas on October 11, 2023,

---

[4] Doc. No. 1 at 1.
[5] Doc. No. 1 at filing date.
[6] Doc. No. 23.
[7] Doc. No. 24.
[8] Doc. No. 25-1 at 1.
[9] Declaration of Luis Ortiz ("Ortiz Decl.") at ¶3; Declaration of Kermit Lopez ("Lopez Decl.") at ¶3; Ex. A.
[10] Ortiz Decl. at ¶5; Lopez Decl. at ¶5.
[11] Ortiz Decl. at ¶5; Lopez Decl. at ¶5.

as shown in Exhibit D.[12]   On October 22, 2023, the New Mexico Secretary of State dissolved Verna IP Holdings LLC of New Mexico.

## II.     ARGUMENT FOR SUBJECT MATTER JURISDICTION

### A.  Texas Law Applies to a Patent Assignment

Under Texas law, contracts are read as a whole to give meaning to the parties' intent as expressed in the writing, and an agreement is considered ambiguous only where the language of the contract is subject to two or more reasonable interpretations or meanings.[13]

### B.  The Intent of Luis Ortiz and Kermit Lopez is Unambiguous

Singlewire's motion requests that this Court disregard the plain intent of the members of Verna IP Holdings LLC of Texas and Verna IP Holdings LLC of New Mexico.  There is no dispute that the present lawsuit was filed on January 31, 2025, which is after the formal registration of Verna IP Holdings LLC of Texas.[14]   Moreover, there is no dispute that an assignment was signed purportedly conveying the '932 patent to Verna IP Holdings LLC of Texas. Defendant however claims that there was no transfer to Verna IP Holdings LLC of Texas because the entity did not exist as a formally registered LLC in Texas on October 11, 2023.  Such a statement ignores both basic contract law and the clear intent of the parties.

The members of Verna IP Holdings LLC of Texas and Verna IP Holdings LLC of New Mexico are the same people, Luis Ortiz and Kermit Lopez.[15]  Thus, the transfer was not to different people but rather a transfer amongst the same people, to an entity formed in a different jurisdiction.

---

[12] Ortiz Decl. at ¶6; Lopez Decl. at ¶6.
[13] *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004).; *see also Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (concluding that an agreement is not ambiguous where, "after the pertinent rules of construction are applied, the contract can be given a definite or certain legal meaning").
[14] Ex. B.
[15] Ortiz Decl. at ¶¶2-5; Lopez Decl. at ¶¶2-5.

While the state of Texas did not recognize Verna IP Holdings LLC of Texas as a registered limited liability company until October 24, 2023, there is no question that each of Luis Ortiz and Kermit Lopez intended to form a company named Verna IP Holdings LLC of Texas and that paperwork was filed on October 11, 2023, to have Verna IP Holdings LLC of Texas registered as a limited liability company in Texas.[16] Whether it was a formally recognized Texas limited liability company is unimportant for purposes of subject matter jurisdiction.  The only concern is whether the entity existed.  Here, it did, as is clear from the intent of the parties.

### C.  Verna of Texas was a Partnership Until Formal LLC Formation

Under Texas law, the domicile of Verna IP Holdings LLC, the General Partnership Act ("GPA") in the Business Organizations Code defines a partnership as "an association of two or more persons to carry on a business for profit as owners."[17] Federal courts look to state law for whether a partnership was formed.[18]  The five factors indicating the creation of a partnership in Texas are:

(1) receipt or right to receive a share of profits of the business;

(2) expression of an intent to be partners in the business;

(3) participation or right to participate in control of the business;

(4) agreement to share or sharing:

(A) losses of the business; or

(B) liability for claims by third parties against the business; and

(5) agreement to contribute or contributing money or property to the business.[19]

---

[16] Ex. C; Ortiz Decl. at ¶10; Lopez Decl. at ¶10.
[17] Tex. Bus. Orgs. Code Ann. § 152.051(b) (West 2012); *Ingram v. Deere*, 288 S.W.3d 886, 895 (Tex. 2009).
[18] *See, e.g., Peykoff v. Cawley*, No. 24-10186, 2025 WL 1380070, at *3 (5th Cir. May 13, 2025).
[19] Tex. Bus. Orgs. Code Ann. § 152.052(a) (West 2012); *Ingram*, 288 S.W.3d at 895.

Courts in Texas determine the issue of whether a partnership exists by "considering all of the evidence bearing on the [statutory] partnership factors."[20] The statute "does not require proof of *all* of the listed factors in order for a partnership to exist."[21] Under this test, conclusive evidence as to all five factors establishes the existence of a partnership as a matter of law.[22] Likewise, the absence of all five factors precludes the recognition of a partnership as a matter of law.[23] Conclusive evidence of just one factor normally is insufficient to establish the existence of a partnership.[24]

When analyzing intent to form a partnership under the statute, courts should review the alleged partners' speech, conduct and writings.[25]

**(1) receipt or right to receive a share of profits of the business**

Verna IP Holdings LLC of Texas ("Verna Texas") is merely a converted entity previously domiciled in New Mexico. The intention of the members of Verna IP Holdings LLC of New Mexico was merely to redomicile in Texas.[26] Both Lopez and Ortiz had a right to the share of the profits and losses of Verna Texas.[27] Moreover, from October 11, 2023, until October 24, 2023, both Ortiz and Lopez realize they were operating Verna IP Holdings LLC of Texas as a partnership because it was not formally established in Texas as a limited liability company.[28]

**(2) expression of an intent to be partners in the business**

---

[20] *Ingram*, 288 S.W.3d at 896; *see also Rojas v. Duarte*, 393 S.W.3d 837, 841 (Tex. App.–El Paso 2012, pet. denied).
[21] *Nguyen v. Hoang*, 507 S.W.3d 360, 371–72 (Tex. App. 2016).
[22] *Duncan v. Allen*, No. 9:15-CV-29, 2016 WL 4467674, at *4 (E.D. Tex. Aug. 24, 2016).
[23] *Id.*
[24] *Id.*
[25] *In re Springwoods Joint Venture*, 551 B.R. 283, 288–89 (Bankr. S.D. Tex. 2016).
[26] *See, e.g., Gonzalez*, 394 F.3d at 392.
[27] Ortiz Decl. at ¶2; Lopez Decl. at ¶2.
[28] Ortiz Decl. at ¶12; Lopez Decl. at ¶12.

5

Ortiz and Lopez expressed their intent to operate as partners by the resolution of September 18, 2023, authorizing the re-domicile of Verna IP Holdings LLC from New Mexico to Texas[29] and further by their joint contribution of property to Verna of Texas through the assignment of the '932 patent and the Assigned Patents.[30]

### (3) participation or right to participate in control of the business

Both Ortiz and Lopez were managers of Verna IP Holdings LLC of New Mexico and are managers of Verna IP Holdings LLC of Texas, with the right to control.[31]

### (4) agreement to share the losses of the business

Verna IP Holdings LLC of Texas was simply the re-domicile of Verna IP Holdings LLC of New Mexico. Ortiz and Lopez had an agreement to share in the losses of the business.[32] Both realize that from October 11, 2023, until October 24, 2023, Verna IP Holdings LLC was being operated as a partnership, without the protections of a limited liability company.[33]

### (5) agreement to contribute or contributing money or property to the business

Both Ortiz and Lopez contributed various patents, including the '932 patent and Assigned Patents, to Verna IP Holding LLC of Texas.[34]

Thus, analyzing all five factors, with the intent of the parties in mind, Verna IP Holdings LLC existed and was a partnership from October 11, 2023, until officially registered as a limited liability company in Texas on October 24, 2023.[35] Plaintiff agrees that as of October 24, 2023, Verna IP Holdings LLC of Texas was not a partnership but rather an LLC as it was created under

---

[29] Ex. A; Ortiz Decl. at ¶¶3, 5; Lopez Decl. at ¶¶3, 5.
[30] Ex. D; Ortiz Decl. at ¶¶6, 8-12; Lopez Decl. at ¶¶6, 8-12.
[31] Ortiz Decl. at ¶¶2-5; Lopez Decl. at ¶¶2-5.
[32] Ortiz Decl. at ¶¶2, 11-12; Lopez Decl. at ¶¶2, 11-12.
[33] Ortiz Decl. at ¶¶11-12; Lopez Decl. at ¶¶11-12.
[34] Ortiz Decl. at ¶¶5-9; Lopez Decl. at ¶¶5-9.
[35] The type of business organization is immaterial,

the LLC statute.[36]  However, until October 24, 2023, Verna IP Holdings LLC of Texas was not

created under any statute.[37]

      Therefore, the assignment dated October 11, 2023, between Verna IP Holdings LLC of

New Mexico and Verna IP Holdings LLC of Texas is effective, as an entity, a partnership, named

Verna IP Holdings LLC of Texas existed between Luis Ortiz and Kermit Lopez.[38] As such, Verna

IP Holdings LLC of Texas had standing and was the proper entity to file suit on January 31, 2025,

and this Court has subject matter jurisdiction.

### D.  In the Alternative, Reformation is Available

      Mutual mistakes by contracting parties can warrant contract reformation.[39] "To reform an

instrument, there must be clear proof of the antecedent agreement as well as the error in committing

it to writing."[40] Parol evidence may be used to demonstrate the contracting parties' mutual mistake

in failing to accurately record an antecedent agreement in writing. Parol evidence may not be

considered in the course of interpreting unambiguous contractual language.[41]

      The equitable reformation of a written contract is generally based upon the premise that a

contract was actually made, but the written memorandum thereof, because of a mutual mistake,

does not truly reflect the actual agreement of the parties. Reformation is an appropriate remedy

"when the parties have reached a definitive and explicit agreement, understood in the same sense

by both, but, by their mutual or common mistake, the written contract fails to express the

---

[36] *See, e.g., Duncan v. Allen*, No. 9:15-CV-29, 2016 WL 4467674, at *5 (E.D. Tex. Aug. 24, 2016).

[37] Ex. B.

[38] Ortiz Decl. at ¶¶11-12; Lopez Decl. at ¶¶11-12.

[39] *See Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 541 (5th Cir. 2015) ("Reformation is an equitable remedy used to correct errors or mistakes in contracts.") (quoting *Am. Elec.*, 556 F.3d at 287).

[40] *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 748 (5th Cir. 2011).

[41] *see Har–Win, Inc. v. Consolidated Grain & Barge Co.*, 794 F.2d 985, 988 (5th Cir. 1986)

agreement."[42]

Here, while not believed necessary, should the Court determine that the assignment documents are insufficient, the intent of Verna IP Holdings LLC of New Mexico, Verna IP Holdings LLC of Texas, Luis Ortiz and Kermit Lopez can be realized by reforming the assignment of Exhibit D to first assign, on October 11, 2023, the Assigned Patents from Verna IP Holdings LLC of New Mexico to Luis Ortiz and Kermit Lopez, and then on October 24, 2023, from Luis Ortiz and Kermit Lopez to Verna IP Holdings LLC of Texas.  However, such a dance is not believed necessary, especially as the parties on both sides of the agreement are the same.

## V.  CONCLUSION AND PRAYER

Plaintiff VernaIP respectfully requests and prays that the Court deny, in its entirety, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.[43]

Respectfully submitted,

**Ramey, LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
wramey@rameyfirm.com

*Attorneys for Verna IP Holdings, LLC*

---

[42] *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 401 (N.D. Tex. 2016), *aff'd as modified and remanded,* 725 F. App'x 256 (5th Cir. 2018) *citing  Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 377 (Tex.1965).
[43] Doc. No. 25.

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of September 3, 2025, with a copy of the foregoing via the Court's electronic filing system.

<u>/s/ William P. Ramey, III</u>
William P. Ramey, III

9