**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

**VERNA IP HOLDINGS, LLC,**

Plaintiff,

v.

**SINGLEWIRE SOFTWARE, LLC,**

Defendant.

C.A. No. 3:25-CV-00072-wmc

**JURY TRIAL DEMANDED**

# DEFENDANT SINGLEWIRE'S REPLY IN SUPPORT OF ITS RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Philip G. Brown (*pro hac vice*)
pgbrown@fr.com
Texas Bar No. 24132695
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

*Attorneys For Defendant*
*Singlewire Software, LLC*

# TABLE OF CONTENTS


I. NO POST-HOC ASSIGNMENT CAN CURE STANDING ........ 1

II. A GENERAL PARTNERSHIP NEVER EXISTED ........ 2

III. REFORMATION IS NOT AVAILABLE TO CURE THE FATAL FLAW ........ 4

IV. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
625 F. 3d 1359 (Fed. Cir. 2010)....................1, 2, 5

*Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*,
173 F. Supp. 3d 363 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018)....................6

*Champlin Oil & Ref. Co. v. Chastain*,
403 S.W.2d 376 (Tex. 1965)....................6

*Duncan v. Allen*,
No. 9:15-CV-29, 2016 WL 4467674 (E.D. Tex. Aug. 24, 2016)....................2, 3, 4

*Har-Win, Inc. v. Consol. Grain & Barge Co.*,
794 F.2d 985 (5th Cir. 1986)....................5

*Humana Ins. Co. v. Tenet Health Sys.*,
No. 3:16-CV-2919-B, 2016 WL 6893629 (N.D. Tex. Nov. 21, 2016)....................5

*Lentz Eng'g, L.C. v. Brown*,
No. 14-10-00610-CV, 2011 WL 4449655 (Tex. App.—Houston [14th Dist.] Sept. 27, 2011, no pet.)....................2, 3

*Rocanville Corp. v. Nat. Gas Pipeline Co. of Am.*,
823 F.2d 92 (5th Cir. 1987)....................4

*WesternGeco, LLC v. Input/Output, Inc.*,
246 S.W.3d 776 (Tex. App.—Houston [14th Dist.] 2008, no pet.)....................2, 5

*Wilcox v. Wild Well Control, Inc.*,
794 F.3d 531 (5th Cir. 2015)....................5

**Statutes**

35 U.S.C. §261....................4

There is no question that Verna Texas did not exist at the time of the purported assignment to Verna Texas. Nor is there any dispute that Texas law does not allow a contract with an entity that does not exist. This alone ends the inquiry and confirms that Plaintiff did not have standing when it filed this case, and this Court does not have subject matter jurisdiction.

Verna attempts to circumvent this straight forward but undisputed analysis by arguing that there was a partnership with the same name as the limited liability company. This is not so. There is no support for the accidental creation of a general partnership when the parties admit that they intended to form a limited liability company. And even if such a partnership was created, that partnership is not the present Plaintiff. Further, Verna's argument for reformation also fails because there is no valid contract to reform, nor can any reformation after-the-fact cure the fatal jurisdictional flaw.

## I. NO POST-HOC ASSIGNMENT CAN CURE STANDING

It is undisputed that the assignment at issue was made before the existence of Verna Texas. Verna does not dispute this. (Dkt. 28, "Opposition" at 2 ("[T]he Texas LLC entity was not formally formed as a registered limited liability company until October 24, 2023.").) This means the assignment was void under Texas law.

The Federal Circuit's precedent is clear: no after-the-fact assignment can cure a standing issue that was present when the case was filed. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F. 3d 1359, 1366 (Fed. Cir. 2010) ("Even if the November 12, 2007 agreement is considered to be a *nunc pro tunc* assignment, for purposes of standing, [plaintiff] was required to have legal title to the patents on the day it filed the complaint and that requirement can not be met retroactively."). In reversing the district court's holding in *Abraxis*, the Federal Circuit even noted that the district court incorrectly "held that the 'intent' of the various Astra entities was sufficient to imply a *nunc*

*pro tunc* assignment based on the relationship between the corporate entities." *Id.* at 1363. Verna now asks this court to make the same reversible error.

Rather than arguing for the validity of the assignment, Verna says it is "unimportant" whether Verna Texas "was a formally recognized Texas limited liability company." (Opp. at 4.) Not so. This is critical and contradicted by Texas law. As explained in Singlewire's motion, Texas law requires the filing of a certificate of formation before an entity exists. Tex. Bus. Org. Code. § 3.001(c) ("The existence of a filing entity commences when the filing of the certificate of formation takes effect"). And an entity cannot enter into a contract before it exists. *WesternGeco, LLC v. Input/Output, Inc.*, 246 S.W.3d 776, 786–787 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (explaining "a nonexistent entity cannot enter into a contract"). Faced with this law, Verna simply argues this is unimportant without either (1) addressing this law, or (2) providing any legal citation to support its position. This attorney argument should be disregarded.

## II. A GENERAL PARTNERSHIP NEVER EXISTED

No legal partnership ever existed because the undisputed words and actions of the parties demonstrate that the parties sought to form a limited liability company, not a partnership. "[M]erely engaging in business activities prior to creating an LLC does not itself create a separate partnership." *Duncan v. Allen*, No. 9:15-CV-29, 2016 WL 4467674, at *7 (E.D. Tex. Aug. 24, 2016). Here, the evidence is undisputed: there was no stated intent to form a partnership because what was expressed at the time was an intent to form a limited liability company. *Lentz Eng'g, L.C. v. Brown*, No. 14-10-00610-CV, 2011 WL 4449655 *3 (Tex. App.—Houston [14th Dist.] Sept. 27, 2011, no pet.) (finding that "parties expressed intent to form an LLC" supports a finding of no partnership).

The record is unanimous in demonstrating that Mr. Ortiz and Mr. Lopez did not express an intent to form a partnership. First, Mr. Ortiz and Mr. Lopez were previously operating Verna as a

New Mexico LLC. Mr. Ortiz and Mr. Lopez both testified that "As of September 18, 2023, [each] had agreed ***to form Verna IP Holdings LLC of Texas***." (*See* Dkt. 29, Declaration of Kermit Lopez ¶ 9; Dkt. 30, Declaration of Luis Ortiz ¶ 9 (same).) On that date, Mr. Ortiz and Mr. Lopez, on behalf of Verna IP Holdings LLC of Texas, made a resolution intending that the "registration ***for the LLC*** will be moved to Texas from New Mexico." *Id*. (emphasis added); Opp. at 2 ("[T]he members of Verna IP Holdings LLC of New Mexico resolved to change from a ***New Mexico LLC to a Texas LLC***.") (emphasis added). Both Mr. Lopez and Mr. Ortiz admit this. (*See* Dkt. 29 ¶ 5 ("I … resolved to change the LLC from being formed in New Mexico to being formed in Texas"); Dkt. 30 ¶ 5 (same).)

Plaintiff's evidence does not demonstrate an intent to operate a partnership from October 11, 2023, to October 24, 2023. Rather, each manager explained that it was "[o]ur intent to form Verna IP Holdings LLC of Texas." (Dkt. 29 ¶ 10; Dkt. 30 ¶ 10.) The only suggestion about whether there was a partnership during that time is the self-serving statement about their present understanding, made years after the fact. (Dkt. 29 ¶¶ 11-12 ("it is my understanding that from October 11, 2023, to October 24, 2023, Verna IP Holdings LLC of Texas was a partnership"); Dkt. 30 ¶¶ 11-12 (same).) They may "realize" this now, but that is not how they expressed their intent at the time. As such, there was no contemporaneous stated intent to form a partnership. *See Duncan*, 2016 WL 4467674, at *5-7 (finding no partnership in part because plaintiff was "conflating the supposed partnership with the LLCs" to show intent).

Each of the other factors also fails to support the creation or existence of a partnership rather than a limited liability company, and as such, Verna has offered no evidence to support any of the partnership factors. *Duncan*, 2016 WL 4467674, at *4 (refusing to find a partnership formed where "Plaintiff has proffered no evidence to distinguish the alleged partnership from the LLCs").

For example, Mr. Ortiz and Mr. Lopez explain that they "received 50% of its profit or loss" for Verna IP Holdings, LLC of New Mexico and of Texas. (Dkt. 29 ¶ 2; Dkt. 30 ¶ 2). But this only speaks to the limited liability company, not a separate alleged partnership. *See Duncan*, 2016 WL 4467674, at *6 ("Moreover, Plaintiff does not explain how the evidence shows that the agreement to share losses is connected to the partnership and not the LLCs."). The other factors likewise fail because they rely only on similar statements that support the control, sharing of losses, and agreement to contribute money or property for the limited liability companies and not for a separate general partnership.

Even if, despite all the evidence to the contrary, the court were to find that a general partnership existed between October 11, 2023, and October 24, 2023, Plaintiff still would lack standing. If, as Plaintiff contends, the October 11, 2023 assignment successfully transferred the asserted patent to a general partnership, that partnership did not file suit. The Complaint alleges that Plaintiff is the limited liability company. (Dkt. 1 ¶ 1 ("Verna IP Holdings, LLC, is a Texas Limited Liability Company").) A general partnership would have been a distinct entity, and there must still be a writing to assign the patent from this partnership to the Plaintiff. 35 U.S.C. §261 (Patents are only "assignable in law by an instrument in writing."). Plaintiff presented no contemporaneous written assignment from the alleged general partnership to the limited liability company to give Plaintiff standing.

## III. REFORMATION IS NOT AVAILABLE TO CURE THE FATAL FLAW

Finally, there is no grounds for reformation that could cure Verna's faulty assignment. Verna argues that if its other arguments fail, this Court could reform the contract by adding new parties and new effective dates, to insert Mr. Ortiz and Mr. Lopez as bridge parties who were assigned the patents between October 11, 2023, and October 24, 2023. But reformation is only available to "reflect the parties' true agreement" "*at the time the contract was signed*." *Rocanville*

*Corp. v. Nat. Gas Pipeline Co. of Am.,* 823 F.2d 92, 94 (5th Cir. 1987) (emphasis in original). As explained above, the admitted intent of Mr. Ortiz and Mr. Lopez was to transfer the assets directly to the limited liability company and not to use a general partnership as an intermediary. Moreover, because the contract, as written, was with a corporate entity that did not exist and thus was void, reformation is not available. *WesternGeco*, 246 S.W.3d at 786–787 (explaining "a nonexistent entity cannot enter into a contract"); *Humana Ins. Co. v. Tenet Health Sys.*, No. 3:16-CV-2919-B, 2016 WL 6893629, at *23 (N.D. Tex. Nov. 21, 2016) (explaining "[i]f the contract itself is void, [] and there is, for that reason, no final contract or understanding between them, or, because the contract lacks consideration, reformation is impossible, since there is no valid contract to reform") (citing *Calhoun v. Downs*, 211 Cal. 766, 769-70 (1931)) (internal quotations omitted)).

Plaintiff's requested cure is not reformation; it is an attempt to manufacture standing after-the-fact, which the Federal Circuit prohibited in *Abraxis*. 625 F. 3d at 1366 (explaining standing "can not be met retroactively"). Verna's case law does not support reformation as an avenue to avoid *Abraxis*. In *Wilcox*, for example, the court relied upon *American Electric Power Co. v. Affiliated FM Insurance Co*. and refused to reform the agreement. *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 541 (5th Cir. 2015) ("*American Electric* defeats Superior and Wild Well's reformation argument."). The parties seeking reformation in that case sought to introduce affidavits of its employees to show that the agreement was meant to include a distinct company. *Id.* But, like the standing rule Plaintiff seeks to avoid in *Abraxis*, the *Wilcox* court explained that the remedy would be "an end-run around the parol-evidence rule . . .fram[ed] . . . as a request for reformation." *Id.* at 542.

*Har-Win* was based on admiralty law, not Texas contract law. *Har-Win, Inc. v. Consol. Grain & Barge Co.*, 794 F.2d 985, 987 (5th Cir. 1986) ("In admiralty law, the parol evidence rule

is generally stated as follows . . . ."). And the *Balfour* court explained, "[o]nce agreement and mistake are established, a court of 'equity may reform the written instrument so as to conform thereto but cannot create and bring into being an agreement not made by the parties.'" *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 401 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018) (quoting *Huttleston v. Beacon Nat. Ins. Co.*, 822 S.W.2d 741, 746 (Tex. App. 1992), *writ denied* (Nov. 11, 1992)). Finally, in *Champlin*, the court found no mutual mistake requiring reformation. *Champlin Oil & Ref. Co. v. Chastain*, 403 S.W.2d 376, 382–83 (Tex. 1965) ("In our opinion the evidence was legally insufficient to show a mutual mistake on Chastian's part . . . .").

## IV. CONCLUSION

For the foregoing reasons, Singlewire respectfully requests the Court dismiss Verna's claims.

Dated: September 17, 2025

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*

Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Philip G. Brown (*pro hac vice*)
pgbrown@fr.com
Texas Bar No. 24132695
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT SINGLEWIRE SOFTWARE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on September 17, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay