IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br>    Plaintiff,<br><br>v.<br><br>**SINGLEWIRE SOFTWARE, LLC,**<br>    Defendant | Civil Action No. 3:25-cv-00072-WMC<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR EQUITABLE
REFORMATION OF PATENT ASSIGNMENT**

Plaintiff Verna IP Holdings, LLC ("Verna Texas" or "Plaintiff") moves for equitable reformation of the written patent assignment from Verna IP Holdings, LLC, a New Mexico limited liability company ("Verna New Mexico"), to Verna IP Holdings, LLC, a Texas entity ("Verna Texas"), so that the effective date of that assignment is reformed to be the date Verna Texas was formed as a Texas limited liability company—October 24, 2023. In support of this motion, Plaintiff states as follows:

**I. INTRODUCTION**

In an abundance of caution, plaintiff files this motion to affirmatively request reformation of the patent assignment from Verna of New Mexico to Verna of Texas. This motion seeks a narrow, equitable correction to the written assignment dated October 11, 2023 (the "Assignment"), which on its face purports to assign U.S. Patent No. 11,403,932 ("the '932 Patent") and related patents from Verna New Mexico to Verna Texas. The undisputed record establishes:

1. Verna New Mexico owned the '932 Patent and the other assigned patents on October 11, 2023. ECF No. 28-3 at ¶¶2-8; ECF No. 29 at ¶¶2-8; ECF No. 28-2 at ¶¶2-8; ECF No. 30 at ¶¶2-8.

1

2. On September 18, 2023, the members of Verna New Mexico (Luis Ortiz and Kermit Lopez) unanimously resolved to change Verna's domicile from New Mexico to Texas and to continue the business as "Verna IP Holdings, LLC" in Texas. ECF No. 28-3 at ¶9; ECF No. 29 at ¶9; ECF No. 28-2 at ¶9; ECF No. 30 at ¶9.

3. The certificate of formation for Verna Texas was filed in Texas on October 11, 2023, and the Texas Secretary of State formally recognized Verna Texas as a Texas limited liability company on October 24, 2023. ECF No. 28-3 at ¶5; ECF No. 29 at ¶5; ECF No. 28-2 at ¶5; ECF No. 30 at ¶5.

4. On October 11, 2023, Ortiz and Lopez executed the Assignment, intending to transfer the '932 Patent and related patents from Verna New Mexico to the new Texas Verna entity that they had resolved to form and that was in the process of being organized in Texas. ECF No. 28-3 at ¶¶5-8; ECF No. 29 at ¶¶5-8; ECF No. 28-2 at ¶¶5-8; ECF No. 30 at ¶¶5-8.

5. Verna New Mexico was dissolved by the New Mexico Secretary of State on October 22, 2023. ECF No. 28-3 at ¶7; ECF No. 29 at ¶7; ECF No. 28-2 at ¶7; ECF No. 30 at ¶7.

6. Since October 24, 2023, Verna Texas has been treated by all interested parties—including Verna New Mexico's former members—as the exclusive owner of the '932 Patent and the other assigned patents, and it has enforced and licensed those patents. ECF No. 28-3 at ¶¶8-12; ECF No. 29 at ¶¶8-12; ECF No. 28-2 at ¶¶8-12; ECF No. 30 at ¶¶8-12.

In light of these facts, and under Texas contract and equity principles, the Assignment should be reformed to reflect the parties' actual antecedent agreement: that Verna New Mexico's

transfer of the '932 Patent and other patents to Verna Texas would be effective as of the date Verna Texas came into legal existence as a Texas limited liability company—October 24, 2023.

## II. LEGAL STANDARD FOR REFORMATION

### A. Federal Patent Standing and State-Law Contract Principles

Federal law defines what constitutes an "assignment" sufficient for standing under 35 U.S.C. § 261, but it does not displace state-law doctrines governing how title passes or how written instruments are corrected. *See Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008). Federal courts routinely look to state contract law—including doctrines of mutual mistake, reformation, and ratification—to determine the effect of written patent assignments and to correct errors in those documents. *See, e.g., Imperium (IP) Holdings, Inc. v. Apple Inc.*, 2012 WL 2995997, at *3–4 (E.D. Tex. June 4, 2012) (reforming assignment to correct misnamed assignee); *Blackbird Tech LLC v. Niantic, Inc.*, 2020 WL 5409052, at *2–3 (D. Del. Sept. 9, 2020) (recognizing later-valid assignment where initial transfer was to an entity that never existed).

### B. Texas Law on Equitable Reformation

Under Texas law, reformation is an equitable remedy used to correct errors or mistakes in contracts where the parties have reached a definitive and explicit agreement, understood in the same sense by both, but, by their mutual or common mistake, the written contract fails to express the agreement. *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 541 (5th Cir. 2015); *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 400–01 (N.D. Tex. 2016), *aff'd as modified,* 725 F. App'x 256 (5th Cir. 2018).

To obtain reformation, a party must show:

1. clear proof of the antecedent agreement, and

3

    2. clear proof of the error in committing it to writing. *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 748 (5th Cir. 2011).

Parol evidence is admissible to establish both the prior agreement and the mutual mistake. *Id.* Reformation is particularly appropriate where, as here, the same individuals are on both sides of the transaction and there is no dispute over who was intended to own the property.

### III. APPLICATION: THE ASSIGNMENT SHOULD BE REFORMED TO USE OCTOBER 24, 2023 AS THE EFFECTIVE DATE

#### A. The Parties Had a Clear Antecedent Agreement

    The undisputed evidence (including the September 18, 2023 resolution, the Texas formation filings, and the conduct of Ortiz and Lopez) establishes that:

- On September 18, 2023, Ortiz and Lopez—then the members/managers of Verna New Mexico—agreed to redomicile Verna from New Mexico to Texas and to continue the same business as Verna IP Holdings, LLC in Texas. ECF No. 28-3 at ¶¶2-12; ECF No. 29 at ¶¶2-12; ECF No. 28-2 at ¶¶2-12; ECF No. 30 at ¶¶2-12.

- Their objective was not to create a new, unrelated entity, but to continue the same ownership and business structure in Texas, with Verna Texas as the successor vehicle holding Verna's patent assets, including the '932 Patent. ECF No. 28-3 at ¶¶9-10; ECF No. 29 at ¶¶9-10; ECF No. 28-2 at ¶¶9-10; ECF No. 30 at ¶¶9-10.

- The Assignment executed on October 11, 2023 was the vehicle chosen to implement that redomiciliation of the patent portfolio, consistent with their resolution. ECF No. 28-3 at ¶¶5-8; ECF No. 29 at ¶¶5-8; ECF No. 28-2 at ¶¶5-8; ECF No. 30 at ¶¶5-8.

The parties' actual understanding was that the operative IP portfolio would be transferred from one real entity to a later-formed, successor entity, with the paperwork later corrected to reflect the proper entity and date of formation. Sister court have reformed contracts under similar circumstances. *See Imperium*, 2012 WL 2995997, at *4 (reforming assignment where it was clear which entity the assignor intended to receive the patents). Here, the antecedent agreement was definitive and explicit: Verna New Mexico would transfer its patents to Verna Texas as the continuation of the Verna business in Texas. No party contends that the patents should have remained with Verna New Mexico after Texas formation or that anyone other than Ortiz and Lopez, acting through Verna Texas, was intended to own them.

**B. The Error in the Writing Is Clear and Mutual**

The Assignment is dated October 11, 2023, and identifies Verna Texas as the assignee. Verna Texas, however, was not formally recognized as a Texas LLC until October 24, 2023, when the Texas Secretary of State completed the registration. The "error" is not in who was intended to receive the patents (Verna Texas) but in the temporal alignment: the effective date of the transfer was memorialized as of October 11, 2023 rather than as of the date when the Texas LLC actually came into statutory existence, October 24, 2023.

That discrepancy is the product of mutual mistake:

• Ortiz and Lopez believed and intended that, by October 11, 2023, they were effectuating a transfer into the Texas Verna vehicle they had resolved to form.

• They promptly completed the process of forming Verna Texas, which was recognized by the Secretary of State on October 24, 2023.

• From that date forward, all parties consistently treated Verna Texas as the owner of the '932 Patent and the related patents.

Such defects—misaligned dates, misnomers, or the use of an entity name during the formation process—should not be treated as permanently fatal where the entity is later duly formed and the parties clearly ratify and perform under the agreement. *See Imperium*, 2012 WL 2995997, at *3–4 (treating assignment error as subject to reformation).

**C. Reformation to October 24, 2023 Properly Reflects the Parties' Intent**

Under Texas law, reformation is appropriate where it will make the writing conform to the actual agreement and prevent an inequitable forfeiture of rights due to a technical mistake. *Wilcox*, 794 F.3d at 541. That is precisely what is needed here. Reformation of the Assignment to:

• keep the parties exactly the same—Verna New Mexico as assignor and Verna Texas as assignee; and

• change only the effective date of the transfer to October 24, 2023 (the date of Verna Texas's formation), would:

1. Align the document with the legal reality that Verna Texas did not exist as a Texas LLC until October 24, 2023;

2. Conform the writing to the parties' actual, consistent intent that Verna Texas would own the '932 Patent from the moment it was formed in Texas; and

3. Eliminate any argument that the October 11, 2023 effective date renders the Assignment "void" under a rigid, overbroad reading of the "nonexistent entity" cases.

As discussed, caselaw supports reformation. Here, Verna Texas was duly formed on October 24, 2023. The same individuals (Ortiz and Lopez) controlled both Verna New Mexico and Verna Texas, executed the Assignment, dissolved Verna New Mexico, and consistently treated Verna

Texas as the successor owner of the '932 Patent. Under those circumstances, equity treats as done that which ought to have been done: the Assignment should be deemed effective as of the date Verna Texas came into legal existence. *See Taylor v. Longworth*, 39 U.S. 172, 177 (1840) (equity principle cited in the appellate brief).

### D. Reformation Preserves Standing and Avoids an Inequitable Forfeiture

Once the Assignment is reformed to use October 24, 2023 as its effective date, there can be no serious dispute that:

- Verna Texas held full legal title to the '932 Patent on and after October 24, 2023; and

- Verna Texas was the patent owner when it filed this suit on January 31, 2025.

Any earlier defect in formation or in the timing of title transfer is, at most, a curable, prudential issue of chain of title—not an incurable Article III defect. Federal courts routinely allow later-perfected assignments or reformed documents to confirm standing, especially where the correct owner is already before the court and no prejudice results. Treating the October 11 date as a permanent nullity, while ignoring the parties' subsequent acts and the availability of reformation, would improperly elevate form over substance and confer an unwarranted windfall on an accused infringer.

### IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an order:

1. Granting this Motion for Equitable Reformation;

2. Reforming the October 11, 2023 Assignment from Verna IP Holdings, LLC (a New Mexico limited liability company) to Verna IP Holdings, LLC (a Texas limited liability company) so that:

a. the parties to the Assignment remain unchanged, and

b. the effective date of the Assignment is October 24, 2023, the date on which Verna IP Holdings, LLC was formed and recognized as a Texas limited liability company by the Texas Secretary of State;

3. Declaring that, as reformed, the Assignment validly transferred all right, title, and interest in the '932 Patent and the other assigned patents from Verna New Mexico to Verna Texas effective October 24, 2023; and

4. Granting such other and further relief, at law or in equity, as the Court deems just and prope

          Respectfully submitted,

          **Ramey LLP**

          <u>*/s/ William P. Ramey, III*</u>
          William P. Ramey, III
          Texas State Bar No. 24027643
          446 Heights Blvd., Suite 200
          Houston, Texas 77007
          (713) 426-3923 (telephone)
          (832) 900-4941 (fax)
          wramey@rameyfirm.com

          ***Attorneys for Verna IP Holdings, LLC***

<u>**CERTIFICATE OF CONFERENCE**</u>

I hereby certify that on March 5, 2026, I conferred with Defendant's counsel concerning this motion and they are opposed.

          <u>*/s/ William P. Ramey, III*</u>
          William P. Ramey, III

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of March 6, 2026, with a copy of the foregoing and ECF filing.

*/s/ William P. Ramey, III*
William P. Ramey, III