**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SINGLEWIRE SOFTWARE, LLC,**<br><br>Defendant. | C.A. No. 3:25-CV-00072<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EQUITABLE REFORMATION OF PATENT ASSIGNMENT**

FISH & RICHARDSON P.C.
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Philip G. Brown (*pro hac vice*)
pgbrown@fr.com
Texas Bar No. 24132695
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

*Attorneys For Defendant*
*Singlewire Software, LLC*

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. VERNA'S FRIVOLOUS REFORMATION ARGUMENT FAILS AS A MATTER OF LAW AND WAS ALREADY PRESENTED TO THE COURT .......... 1

A. Verna Made the Same Argument in Response to Singlewire's Motion to Dismiss, and Continues to Ignore the Merits. .......... 1

B. The Purported Assignment Cannot be Reformed Because Reformation is Only Available for a Valid Agreement. .......... 2

C. Verna's Own Legal Authority Shows the Assignment Cannot be Reformed. .......... 3

D. Even if the Assignment Could be Reformed, it would not Cure Verna's Deficient Standing. .......... 4

III. CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
625 F.3d 1359 (Fed. Cir. 2010)....................5

*Blackbird Tech LLC v. ELB Elecs., Inc.*,
No. CV 15-056-RGA, 2020 WL 5409052 (D. Del. Sept. 9, 2020) ....................3, 4

*Cherokee Water Co. v. Forderhause*,
741 S.W.2d 377 (Tex. 1987)....................2

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
No. 4:11-CV-163, 2012 WL 2995997 (E.D. Tex. June 4, 2012)....................3, 4

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
925 F.3d 1225 (Fed. Cir. 2019)....................5

*Rocanville Corp. v. Nat. Gas Pipeline Co. of Am.*,
823 F.2d 92 (5th Cir. 1987) ....................2

*Silent Comm'ns, LLC v. BlackBerry Corp.*,
6:22-cv-00252-ADA, Dkt. 57 (W.D. Tex. May 19, 2023) ....................4

*WesternGeco, LLC v. Input/Output, Inc.*,
246 S.W.3d 776 (14th Ct. App. 2008) ....................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)....................1

## I. INTRODUCTION

Verna repackages its request for reformation already raised in this proceeding in a new motion. And yet, even though Singlewire responded to this argument once, Verna's most recent motion does not address the controlling case law that prohibits reformation under these circumstances. Further, Verna does not attempt to argue how reformation, even if it was appropriate, could cure the standing deficiency that existed when this suit began. Verna's flawed and redundant motion merely consumes more of this Courts' and the parties' resources in futility.

## II. VERNA'S FRIVOLOUS REFORMATION ARGUMENT FAILS AS A MATTER OF LAW AND WAS ALREADY PRESENTED TO THE COURT

Verna asks this Court to grant extraordinary equitable relief—reformation of the purported transfer of the patents-in-suit—to manufacture standing it did not have when it filed suit. As Singlewire previously explained, reformation is unavailable as a matter of law where, as here, there was no original agreement to reform. Verna Texas, the purported assignee, did not exist at the time of the alleged assignment, rendering the assignment void, and leaving nothing for the Court to "reform" in equity. And even if reformation were available, it would not cure Verna's standing deficiency under controlling precedent. The Court should therefore deny Verna's motion.

### A. Verna Made the Same Argument in Response to Singlewire's Motion to Dismiss, and Continues to Ignore the Merits.

Verna already presented its request for reformation to this Court in response to Defendant Singlewire Software, LLC's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. 28 at 7.) Singlewire articulated why reformation was neither available under the circumstances nor sufficient to cure its standing defect, and yet Verna does not address any of the

legal or factual gaps Singlewire identified. (Dkt. 31 at 4-6.)[1] In this way, Verna is simply making a duplicative request and needlessly wasting the Court's and parties' resources. Indeed, Verna's request remains fundamentally deficient and futile.

**B. The Purported Assignment Cannot be Reformed Because Reformation is Only Available for a Valid Agreement.**

Verna's request for reformation fails because it cannot surpass the first requirement of reformation: an original, true agreement. Black letter contract law establishes that reformation is available only when there was an actual agreement formed in the first instance. Indeed, in Texas, "reformation requires two elements: (1) an original agreement and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing." *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987). "The underlying objective of reformation is to correct a mutual mistake made in preparing a written instrument, so that the instrument truly reflects the original agreement of the parties." *Id.* Conversely, reformation cannot be used to reform an agreement that never existed, because it is impossible to "reflect the parties' true agreement" "*at the time the contract was signed*," if there was no agreement to begin with. *Rocanville Corp. v. Nat. Gas Pipeline Co. of Am.*, 823 F.2d 92, 94 (5th Cir. 1987) (emphasis in original).

Such is the case here. Verna does not contest that Verna Texas "came into legal existence as a Texas limited liability company" on October 24, 2023, thirteen days after the purported assignment. (Dkt. 36 at 2-3.) So, at the time of the purported contract, Verna Texas, the purported assignee, was not a legally recognized entity, and in fact did not exist. Because it did not exist,

[1] To minimize duplicative briefing, Singlewire incorporates its arguments presented in response to Verna's original request for reformation in addition to the arguments presented below. (Dkt. 31 at 4-6.)

Verna Texas could not enter an agreement. This means there could be no original agreement between Verna Texas and Verna New Mexico. *See WesternGeco, LLC v. Input/Output, Inc.,* 246 S.W.3d 776, 786–87 (14th Ct. App. 2008). Thus, reformation is impossible—without an original agreement, there is nothing for the Court to reform.

### C. Verna's Own Legal Authority Shows the Assignment Cannot be Reformed.

The case law Verna relies on cuts against its own argument. Verna's cases stand for the principle that an assignment is void if made to an entity that did not exist at the time of purported assignment.

For example, in *Imperium*, the court explained "even if the assignment was intended to be assigned to [the third-party entity], that entity did not exist at the time of the [a]ssignment," so the "[a]ssignment would be void as a matter of law . . . ." *Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 WL 2995997 (E.D. Tex. June 4, 2012), *report and recommendation adopted*, No. 4:11-CV-163, 2012 WL 2995697 (E.D. Tex. July 23, 2012). The entities in *Imperium* were flipped from the present case—because the purported assignment to the third-party entity was void, the plaintiff's chain of title was preserved, saving the plaintiff's right to assert the patent. The conclusion in *Imperium* demands the opposite outcome here—because the purported assignment to Verna Texas is void, Verna Texas never acquired the right to assert the patent and lacks standing. Similarly, in *Blackbird*, the court held "that the first agreement was void. . . . [because it] is undisputed that there was never a corporation with that name. Therefore, the plain language of the contract assigned the patent to an entity that did not exist." *Blackbird Tech LLC v. ELB Elecs., Inc.*, No. CV 15-056-RGA, 2020 WL 5409052, at *2 (D. Del. Sept. 9, 2020). Yet again, in that case, the void assignment to a third party preserved the plaintiff's chain of title and standing. By corollary, the void assignment here warrants dismissal.

Not only did Verna ignore the ultimate holding in the cases it relied on, Verna failed to acknowledge that a different court rejected this same argument under Texas law when Verna's counsel raised it in a previous case. In *Silent Communications*, the plaintiff—a Texas entity also represented by Mr. Ramey—faced a motion to dismiss for lack of standing. *Silent Comm'ns, LLC v. BlackBerry Corp.*, 6:22-cv-00252-ADA, Dkt. 57 at 5 (W.D. Tex. May 19, 2023) (attached as Ex. 1). The court found that plaintiff lacked standing because the ***plaintiff did not exist at the time of the purported conveyance*** of patent rights ***from an out-of-state entity by the same name***. *Id.* at 7–8. The plaintiff did not exist, and thus, it could not receive the patent rights. *Id.* In rejecting the plaintiff's request for reformation, the court relied on *Imperium* and *Blackbird*—the same cases Verna now cites to support the conclusion that reformation is possible when one of the entities did not exist at the time of purported agreement. *Id.* at 8 (citing *Imperium*, 2012 WL 2995997, *4; *Blackbird*, 2020 WL 5409052, *2). The *Silent* court eventually awarded attorneys' fees because of "the unreasonable manner in which Plaintiff litigated," and noted that "Plaintiff and Mr. Ramey did not conduct an adequate pre-filing investigation into whether Plaintiff had standing to bring this lawsuit." *Id.* at *Silent Comm'ns*, Dkt. 106 at 7–8 (attached as Ex. 2).

Verna also argues that "[f]ederal courts routinely allow later-perfected assignments or reformed documents to confirm standing, especially where the correct owner is already before the court and no prejudice results." (Dkt. 36 at 7.) Verna offers no basis for its representation, and Singlewire's research has not revealed any authority that supports this conclusion.

### D. Even if the Assignment Could be Reformed, it would not Cure Verna's Deficient Standing.

As Singlewire explained in its motion to dismiss for lack of standing, (Dkt. 25), the reformation Verna requests would not cure its deficient standing. (Dkt. 25 at 6–7.) Because Verna did not have title to the patents when it filed suit, even retroactive relief like Verna requests would

not salvage this suit. *See, e.g.*, *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019); *Abraxis Bioscience, Inc. v. Navinta LLC,* 625 F.3d 1359, 1366 (Fed. Cir. 2010). And so, the requested equitable relief would be inappropriate here.

## III. CONCLUSION

For the reasons argued above, as well as in its other briefing, Defendant Singlewire respectfully asks the Court to deny Plaintiff Verna's Motion for Equitable Relief, and for any other and further relief as the Court deems just and proper.

Dated: March 27, 2026

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Philip G. Brown*
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Philip G. Brown (*pro hac vice*)
pgbrown@fr.com
Texas Bar No. 24132695
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT SINGLEWIRE SOFTWARE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on March 27, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Philip G. Brown*
Philip G. Brown