# EXHIBIT 1



Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

**VIA E-MAIL**

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

David B. Conrad
Principal
Conrad@fr.com
+1 214 760 6158  direct

Re: *Verna IP Holdings, LLC v. Singlewire Software, LLC*
Case No. 3:25-cv-00072

**Rule 11 Request for Dismissal**

Dear Bill,

Defendant Singlewire Software, LLC ("Singlewire") requests that Plaintiff Verna IP Holdings, LLC immediately dismiss the complaint filed against it in the above-referenced action. Verna had no standing to bring the present case. And even if it did, Verna's claims are objectively baseless and Singlewire's accused product cannot infringe the asserted claims of U.S. Patent No. 11,403,932 ("'932 Patent").

I hope that Verna acknowledges its mistake and promptly dismisses its claims with prejudice. Otherwise, Singlewire will aggressively pursue sanctions under Federal Rule of Civil Procedure 11 and seek reimbursement of its attorneys' fees.

## I.      Rule 11 Requires a Reasonable Basis for Infringement Claims

Federal Rule of Civil Procedure 11 mandates that, in every pleading signed before a court, an attorney "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] . . . the claims, defenses, and other legal contentions are warranted by existing law . . . [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(2), (3).  An attorney violates Rule 11 by signing a pleading, motion, or other document that is legally or factually baseless from an objective perspective, after conducting a reasonable and competent inquiry.  *See, e.g.*, *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) ("Rule 11 functions to assure that parties assert litigation positions that are objectively reasonable at the time of filing."); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1381 (Fed. Cir. 2009) ("[F]rivolous construction and assertion of the [patent] claims in the amended complaint[] concurrently justified sanctions under Rule 11" and 35 U.S.C. § 285.); *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).



March 5, 2026

The Federal Circuit has interpreted Rule 11 in patent cases "to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Rule 11 also requires that plaintiff's counsel compare an accused product to its patent on a claim-by-claim, element-by-element basis. *Network Caching Tech. LLC v. Novell Inc.*, No. C-01-2079-VRW, 2002 WL 32126128, at *5 (N.D. Cal. Aug. 13, 2002). An attorney cannot continue to advocate a claim that is not warranted under law or fact. FED. R. CIV. P. 11 Adv. Comm. Notes (1993); *see also DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12CV00764WCBRSP, 2014 WL 5176121, at *1 n.1 (E.D. Tex. Oct. 14, 2014).

## II.    Verna's Infringement Allegations are Frivolous

### A.    *Verna Did Not Have Standing when the Complaint was Filed*

When Verna filed this case, Verna did not have standing to bring the claims because there was not valid assignment to Verna. It is undisputed that the Texas entity named in this case did not exist when the purported assignment of the '932 Patent took place.

The Verna named in this lawsuit is a Texas entity ("Texas Verna"), and Texas Verna was formed on October 24, 2023. Complaint, ¶ 1; Dkt. 28 at 2. Prior to that date, Texas Verna did not exist.

Before this entity was created, an older New Mexico entity allegedly was the owner of the '932 Patent. The assignment that Verna points to as the source of its ownership was an assignment dated October 11, 2023. However, this attempted transfer took place before the newer Texas Verna entity was created, and was therefore ineffective.

The assignment of a patent's legal title is interpreted in accordance with contract statutes and common law in the state where the assignment took place. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F. 3d 1065 (Fed. Cir. 2020). In Texas, an entity does not exist prior to filing of the certificate of formation. Tex. Bus. Org. Code. § 3.001(c) ("The existence of a filing entity commences when the filing of the certificate of formation takes effect"). It is a "settled rule that if one of the parties does not exist, no contract can be formed." *AmeriPath, Inc. v. Hebert*, 447 S.W. 3d 319, 332–333 (Tex. App.—Dallas 2014, pet. denied); *see also WesternGeco, L.L.C. v. Input/Output, Inc.*, 246 S.W.3d 776, 786–787 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (explaining "a nonexistent entity cannot enter into a contract").

Under Texas law, the assignment to the non-existent Texas Verna on October 11, 2023, was ineffective. Verna Texas then filed the Complaint in this case on November 22, 2023 without correcting the assignment. Consequently, the named plaintiff did not have standing to file a lawsuit asserting the '932 Patent at the time it filed this Complaint. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F. 3d 1359 (Fed. Cir. 2010) ("Even if the November 12, 2007 agreement is considered to be a nunc pro tunc assignment, for purposes of standing, [plaintiff] was required to have legal title to the patents on the day it filed the complaint and that requirement can not be met retroactively."). Verna has repeatedly ignored the law on this an even characterized it as

2



March 5, 2026

"unimportant."  (Dkt. 28 at 4.)  Verna cannot correct this standing issue post-hac and therefore, must dismiss this case.

### B.   *The Accused Product Does Not Transmit to Specific Cell Towers*

Verna's infringement claim is also frivolous. The asserted claims of the '932 Patent require transmitting voice alerts to "through specific towers of a cellular communications network." Singlewire's InformaCast system ("Accused Product") cannot infringe the '932 Patent because it cannot perform this step. Infringement occurs only "where **all** steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc). Only a cellular network provider can perform this step. Singlewire is not a cellular network provider, and it does not otherwise own, lease, or otherwise control any cellular towers.

As Verna's Claim Chart demonstrates, the Accused Product only provides the ability to place a phone call to individuals believed to be in the area. That phone call may be a landline or cell phone. *See* Dkt. 8 at 6–7. The Accused Product is no different than any other phone call placed on the telephone network. A telephone caller cannot control which specific cell towers, if any, transmit a call.  That responsibility belongs solely to the cellular network provider.  Singlewire, like any other user of cellular services, lacks control over how their calls are routed through cellular networks. *See id.*; *see also, e.g.*, *CBA Env't Servs., Inc. v. Toll Bros. Inc.*, 403 F. Supp. 3d 403, 418-20 (D.N.J. 2019) (establishing that parties must exert control or direction over the actions of others to establish joint infringement).  Additionally, Singlewire is not even the entity that makes these calls, but rather, a third party does. SINGLEWIRE_0000178.

The '932 Patent recognizes that cellular network providers (*e.g.*, wireless carriers) are required to participate in this step. '932 Patent, 20:7–14 (requiring "***participating*** wireless companies, ***which will then use their cell towers to forward the messages to subscribers in the affected area***"); 28:1–6 ("***Participating*** wireless carriers ***push the alerts from … cell towers to … mobile electronic devices in the affected area***."). Because a cellular network provider is required to participate in the step, Singlewire cannot infringe.

Verna did not allege that this step was met through joint infringement with cellular network providers. Nor could it. Joint infringement would require showing that Singlewire has the ability to require a cellular network provider to perform control call routing in a specific way.  Singlewire does not have that ability. It just places telephone calls like any other caller of a telephone network.

### III.   Conclusion

Singlewire demands immediate dismissal of this case because Verna's allegations of standing and infringement are frivolous.  Should Verna insist on pursuing its objectively baseless claims, Singlewire intends to serve and file a motion to seek Rule 11 sanctions against Verna, including all the attorneys' fees Singlewire incurs in preparing the motion and pursuing sanctions. Singlewire will also defend itself by seeking an award of its attorneys' fees under 35 U.S.C. § 285 for litigating over frivolous claims.  As I am sure you are aware, the Supreme Court has held that



March 5, 2026

an exceptional case under § 285 "is simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Note also that the Federal Circuit holds that a party's failure to dismiss claims after being notified of clear non-infringement positions can serve as a basis for a finding of an exceptional case. *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1388 (Fed. Cir. 2017). We will work to obtain the same result should Verna refuse to dismiss here. We expect Verna will dismiss its case no later than next Tuesday, March 10, 2026. Please contact me directly if you have any questions.

Sincerely,

David B. Conrad
Principal

4