# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SILENT COMMUNICATION, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL No. 6:22-CV-00252-ADA |
| | § | |
| BLACKBERRY CORPORATION, | § | |
| Defendant. | § | |

ORDER GRANTING-IN-PART AND
DENYING-IN-PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Before the Court is Defendant Blackberry Corporation's ("BlackBerry") Motion for Attorney's Fees filed on June 16, 2023 (the "Motion"). ECF No. 62. Plaintiff Silent Communication, LLC, a Texas limited liability company ("Silent Texas"), filed its opposition on July 14, 2023. ECF No. 65. BlackBerry filed its reply in support of its Motion on August 4, 2023. ECF No. 68. The Court held a hearing on BlackBerry's Motion on September 10, 2024. ECF No. 83. Having carefully considered the parties' briefing and oral arguments, and the applicable law, the Court **GRANTS-IN-PART and DENIES-IN-PART** Defendant's Motion.

## I.   BACKGROUND

**A.   Notification of Plaintiff's Standing Issues and Requests for Proof of Standing**

On July 30, 2021, Plaintiff, represented by Mr. Ramey, filed a complaint with the named plaintiff Silent Communications, Inc., a Texas Corporation, alleging patent infringement of U.S. Patent No. 8,792,874 (the "Asserted Patent") against BlackBerry. *See Silent Commc'ns, Inc. v. BlackBerry Corp.*, Case No. 6:21-cv-00782 (W.D. Tex.) [hereinafter *Silent Commc'ns I*], ECF No. 1. On August 27, 2021, BlackBerry notified Plaintiff that "deficiencies in [the complaint] suggest that Silent may not have performed an adequate pre-suit investigation" because "Silent is not reflected as the owner of the patent-in-suit in the Patent Office assignment records" and "it appears

1

that Silent does not have an active right to transact business in Texas." ECF No. 62-3 at 1. On October 5, 2021, Silent Communications dismissed the case. *Silent Commc'ns I*, ECF No. 5.

Several months later, on March 8, 2022, Plaintiff, still represented by Mr. Ramey, filed the instant action against BlackBerry, again alleging infringement of the Asserted Patent. ECF No. 1. This time the named plaintiff was Silent Communications, LLC, a Texas Corporation. *Id.* BlackBerry again notified Plaintiff of its apparent lack of standing on March 28, 2022. ECF No. 62-4 at 4. Specifically, BlackBerry emphasized that Plaintiff "again fail[s] to name the apparent owner of the asserted patent as plaintiff" and that "it appears that the named plaintiff does not even exist." *Id.* BlackBerry thus requested that Plaintiff dismiss the case. *Id.* at 5–6.

Because Plaintiff did not do so, BlackBerry filed a motion to dismiss on May 16, 2022. ECF No. 10. In BlackBerry's motion to dismiss, BlackBerry alleged failure to plausibly plead any claim of direct infringement and further stated that the complaint "fails to name the apparent owner of the asserted patent as plaintiff." *Id.* at 1. In response, on June 13, 2022, Plaintiff filed its Amended Complaint, which corrected the named Plaintiff to Silent Communication, LLC, a Texas Corporation ("Silent Texas"). ECF No. 12. On June 27, 2022, BlackBerry moved to dismiss the Amended Complaint for the same reason as its original motion and continued to reiterate its concerns regarding Plaintiff's standing:

> ***[I]t is unclear whether the currently named plaintiff even has standing to bring the suit***. Notwithstanding BlackBerry having on many occasions notified plaintiff's counsel that the entities named in the two prior complaints regarding this asserted patent either do not exist or do not appear to own the asserted patent, plaintiff's counsel appears to have yet again named the incorrect plaintiff. ***The public assignment records appear to show that an Illinois entity named "Silent Communication LLC" is the owner of the asserted patent,*** not "Silent Communication, LLC" (with an extra comma) nor any "Texas Corporation" as alleged in the Amended Complaint.

ECF No. 14 at 1–2 (footnotes omitted) (emphasis added).

BlackBerry then sent Plaintiff another letter on July 11, 2022. ECF No. 62-6. Defendant again noted Plaintiff's apparent lack of standing and requested production of assignment records to establish that the named plaintiff, "Silent Communication, LLC" (a Texas LLC) owned the Asserted Patent or otherwise had rights to bring the lawsuit. *Id.* at 4.

From July 15 to August 12, 2022, BlackBerry made several requests to meet and confer with Plaintiff to address the July 11 letter. ECF No. 62-7. BlackBerry was unsuccessful until August 12, 2022, when Plaintiff agreed to meet and confer the following week. *Id.* Having not received any response to its request for proof at standing at this time, BlackBerry served Plaintiff requests for production of documents "reflecting ownership or other rights granted with respect to the Asserted Patent." *See* ECF 45-2. BlackBerry served its request for production on August 12, 2022, making Plaintiff's responses due September 12, 2022. *Id.* Plaintiff failed to formally respond to this discovery request but did produce one document—the publicly available Patent Assignment Cover Sheet purporting to correct the previously recorded receiving party from Silent Communication LLC, an Illinois entity ("Silent Illinois") to Silent Texas. ECF No. 29 at 4; ECF Nos. 29-3, 29-4.

On October 5, 2022, the parties met and conferred regarding the absence of proof of ownership. *See* ECF. No. 62-11 at 1. According to BlackBerry, at that time "Plaintiff's counsel was unable to confirm whether an assignment conveying ownership to Plaintiff existed but promised to try and obtain a copy of an assignment from his client." ECF No. 62 at 5; ECF No. 62-11; *See* also ECF No. 87 at 7:2–8:1.

**B.     Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

On October 10, 2022, BlackBerry again requested proof of ownership of the asserted patent. ECF No. 62-11 at 1. On October 21, 2022, having received no proof of standing at this

point, BlackBerry filed its motion to dismiss for lack of subject matter jurisdiction. ECF No. 29.

On November 18, 2022, Plaintiff filed its Response, acknowledging that the Asserted Patent was

assigned "at one time" to Silent Communication LLC, an Illinois LLC that dissolved in 2021

("Silent Illinois"). ECF No. 32 at 4; *see* ECF No. 32-2. However, Plaintiff produced, for the first

time, an assignment agreement (the "Texas Assignment") that purported to assign the Asserted

Patent from Silent Communication, Ltd. to Silent Texas. ECF No. 32-3. Thus, according to

Plaintiff, the Texas Assignment clearly showed that it had standing.

### i. *Jurisdictional discovery and subsequent briefing*

On November 21, 2022, BlackBerry then served jurisdictional discovery seeking

information and documents related to the newly presented Texas Assignment. ECF No. 62 at 5. In

response, Plaintiff produced:

- The "Illinois PPA": a Patent Purchase Agreement dated May 2, 2020, between Silent Communication, Ltd. of Israel ("Silent Israel") and Silent Illinois (ECF No. 40-2);

- The "Illinois Assignment": a patent assignment dated May 10, 2020, purporting to assign the Asserted Patent from Silent Isreal to Silent Illinois (ECF No. 40-2);

- The "Texas PPA": a Patent Purchase Agreement dated May 2, 2020, between Silent Isreal and Plaintiff (ECF No. 40-9); and

- The "Texas Assignment": a Patent assignment dated May 10, 2020, purporting to assign the Asserted Patent to Silent Texas (ECF No. 40-9).

On January 17, 2023, BlackBerry took the deposition of Mr. Gorrichategui, a corporate

representative of Silent Texas. ECF No. 62 at 7; ECF No. 40-10. Two days later, BlackBerry filed

its reply in support of its motion to dismiss. ECF No. 40. BlackBerry argued, based on Mr.

Gorrichategui's testimony, that the Texas Assignment appeared to be a nunc pro tunc assignment

that could not cure standing. *Id.* at 6. BlackBerry further emphasized that the Texas Assignment

was ineffective because Silent Texas did not exist as of the purported May 10, 2020, date of the

Texas Assignment. *Id.* at 8. Silent Texas then advanced, for the first time in its sur-reply, the theory that the Texas Assignment is a reformation of the Illinois Agreement. ECF No. 52 at 5–7.

### ii. *Hearing regarding BlackBerry's motion to dismiss and subsequent order*

The Court held a hearing on BlackBerry's motion to dismiss on February 13, 2024. ECF No. 49. Mr. Gorrichategui appeared to testify about the sequence of events concerning the alleged transfer of ownership of the Asserted Patent. ECF No. 51 at 3:12–21. Parts of Mr. Gorrichategui's testimony were contrary to his earlier deposition testimony, and the Court orally struck those parts. *Id.* at 23:18–32:5. Based on the acceptable portions of Mr. Gorrichategui's testimony and the evidence before it, however, the Court determined no mutual mistake occurred at the time of the execution of the Illinois Assignment. *See id.* at 35:12–14; ECF No. 53 at 6–7. Plaintiff's argument that the parties to the Illinois Assignment had mistakenly conveyed ownership to Silent Illinois when they intended to convey ownership to Silent Texas was contradicted by the fact that Silent Texas did not exist until ten months after the Illinois Assignment was executed. ECF No. 53 at 7. Indeed, because Silent Texis did not exist at the time of the agreement, the Court alternatively concluded that even if the Texas Assignment reformed a mutual mistake—which it did not—it would have failed to convey Silent Ltd.'s interest in the Asserted Patent to Silent Texas. *Id.* at 7–8. Thus, the Court granted BlackBerry's motion to dismiss. *Id.* at 8–9.

## II. Exceptional Case Fees under § 285

### A. Legal Standard

Under the Patent Act, "[t]he court in exceptional cases may award reasonable fees to the prevailing party." 35 U.S.C. § 285. A dismissal of patent infringement claims with prejudice for lack of standing is equivalent to a judgment on the merits and thus establishes the accused infringer as the prevailing party. *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1307 (Fed. Cir. 2018).

A case's exceptionality is determined by a consideration of the totality of the circumstances. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A case is considered exceptional when it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* A case that presents "either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to be 'exceptional'" and justify an award of fees. *Id.* at 546. Courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the legal and factual components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" when determining exceptionality. *Id.* at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (addressing similar fee-shifting provision in the Copyright Act)). Fee awards should not be used "as a penalty for failure to win a patent infringement suit." *Id.* at 548–49 (citation omitted); *see also Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017). Exceptionality must be shown by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557 (rejecting prior requirement that patent litigants establish entitlement to fees under § 285 by clear and convincing evidence).

**B.     Discussion**

As an initial matter, BlackBerry is a prevailing party as this Court dismissed Plaintiff's claims with prejudice for lack of standing. *See* ECF No. 62 at 10 (citing *Raniere*, 887 F.3d at 1304–07); ECF No. 65 at 3; *see also* ECF No. 53 at 9. Therefore, the award of attorneys' fees under § 285 depends on whether this case is exceptional considering the totality of the circumstances. After careful consideration, the Court deems this case exceptional.

BlackBerry contends that this case is exceptional "because of the frivolous and unreasonable nature in which Plaintiff litigated this case." ECF No. 62 at 1. BlackBerry argues that Plaintiff's unreasonable conduct included: failing to conduct an adequate pre-suit investigation regarding ownership of the Asserted Patent; failing to timely respond to BlackBerry's repeated formal and informal requests for proof of ownership of the Asserted Patent; and taking shifting and contradictory theories on the issue of standing that were objectively baseless. *Id.* at 11–14. BlackBerry asserts that this conduct demonstrates Plaintiff's bad faith and thus warrants attorney's fees under § 285. *Id.*

In response, Plaintiff contends that this case is not exceptional because Plaintiff litigated in a reasonable manner. ECF No. 65. Plaintiff argues that it conducted a proper pre-suit investigation by reforming the Illinois Assignment to address any standing issues. *Id.* at 4. Plaintiff asserts that the Court holding otherwise does not mean that Plaintiff acted in bad faith. *See id.* at 5. Plaintiff also asserts that it produced the Texas Assignment within a reasonable timeframe because Defendant did not substantively raise the standing issue until Defendant filed its Motion to Dismiss on October 21, 2022. *Id.* Additionally, Plaintiff contends that Mr. Gorrichategui acted in good faith to reform the Illinois Assignment, and any questions regarding other parties should not have been directed towards him. *See id.* at 6–7. For these reasons, Plaintiff claims that this case is not exceptional and thus attorneys' fees are not warranted. *Id.* at 9.

Considering the totality of circumstances, the Court agrees with Defendant that this case is exceptional because it stands out from others with respect to the unreasonable manner in which Plaintiff litigated. Plaintiff was on notice of its standing issues as early as August 27, 2021, when BlackBerry first pointed out that the named plaintiff in *Silent Communications I* did not reflect the owner of the patent-in-suit in the Patent Office assignment records. According to Mr.

Gorrichategui, he and Mr. Bluvbod drafted the Texas Assignment on or around October 7, 2021. ECF No. 51 at 17:12–18. Yet despite BlackBerry's repeated requests for proof of standing (both formal and informal), resuming in March of 2022 with the beginning of the instant action, Plaintiff failed to produce the Texas Assignment until November 18, 2022. Moreover, Plaintiff's "reformation" theory was not disclosed until the filing of its sur-reply on January 25, 2023. *Compare* ECF No. 32 *with* ECF No. 42. And, as explained above, this theory was contradicted by the evidence and unreasonable given that Plaintiff had not formed a Texas entity—let alone Silent Texas—at or around the time of the Illinois Assignment. *See* ECF No. 53 at 6–7.

The hearing on this Motion for Attorney's Fees reinforced this Court's determination that Plaintiff and Mr. Ramey did not conduct an adequate pre-filing investigation into whether Plaintiff had standing to bring this lawsuit.[1] Mr. Ramey conceded that he had never seen the actual assignment record (*i.e.*, the Texas Assignment) prior to the filing of this lawsuit, instead citing the publicly available *Patent Assignment Cover Sheet* as what he had reviewed. ECF No. 87 at 24:22–25:14, 27:11–25. But this Patent Assignment Cover Sheet is not an assignment document, as BlackBerry had pointed out numerous times. Plaintiff and counsel provided no reason as to why they failed to produce any assignment documents, despite representing that the Texas Assignment was created on or around October 7, 2021, until November 2022.

In sum, Plaintiff failed to conduct an adequate pre-suit filing investigation, unnecessarily prolonged litigation, provided shifting theories of standing, failed to produce evidence that would cure the standing defect identified by BlackBerry, and caused BlackBerry to expend significant

---

[1] This is not the first time Plaintiff's counsel has been warned about importance of conducting an adequate pre-filing investigation before bringing suit. *See ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785768, at *3 (N.D. Tex. Feb. 6, 2023) (emphasizing that "a previous warning about certain pre-filing failures aids the Court in finding frivolousness, motivation, and the need to advance considerations of compensation and deterrence").

resources to oppose Plaintiff's arguments. In addition, the Court notes other instances in this action in which Plaintiff's conduct was subpar. *See* ECF No. 62 at 14–15; ECF No. 68 at 9. For these reasons, BlackBerry has shown by a preponderance of the evidence that this case is exceptional.

## II. Liability of Mr. Gorrichategui and Mr. Ramey

Having found this case exceptional, the Court holds Plaintiff liable for BlackBerry's attorney's fees. BlackBerry also asks this Court to hold Plaintiff's CEO, Mr. Gorrichategui, and Plaintiff's counsel, Mr. Ramey, jointly and severally liable under § 285, § 1927, and the Court's inherent power. For the reasons explained below, the Court will not extend such liability to Mr. Gorrichategui. However, the Court will hold Mr. Ramey jointly and severally liable for BlackBerry's attorney's fees.

### A. Mr. Gorrichategui

BlackBerry requests that Mr. Gorrichategui be held jointly and severally liable for its attorney's fees because he "engaged in a pattern of obfuscation and bad faith." ECF No. 62 at 13. BlackBerry argues that Mr. Gorrichategui "refused to provide any testimony regarding the details surrounding the creation of the Texas PPA" and "refused to acknowledge the distinction between a Texas and Illinois entity," yet "purportedly remembered all of the details and provided testimony directly conflicting with his prior sworn statements" only weeks later. *Id.* Thus, BlackBerry asserts Mr. Gorrichategui's behavior further establishes this case as exceptional and warrants fees against Mr. Gorrichategui. *Id.* (citing *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826 (E.D. Tex. 2017).

In *Iris Connex*, the district court determined that liability under 35 U.S.C. § 285 could be assessed against non-parties where "(1) the actor is responsible for conduct that makes the case exceptional, (2) the actor is afforded due process, and (3) it is equitable to do so." *Iris Connex*, 235 F. Supp. 3d at 843. Thus, the *Iris Connex* court held the plaintiff's president, Mr. Yates, liable

9

under § 285 after determining that "his personal conduct was the dominant cause making this case exceptional" and that he had been "the driving force behind this litigation." *Id.* at 852. Specifically, the court found that Mr. Yates had conceived and carried out each step leading up to the filing of the lawsuit, which the court found meritless. *Id.* Mr. Yates created Iris Connex as a subsidiary of a holding company he personally owned. While Mr. Yates appointed another person to be the manager of Iris Connex, this person was manager in name only as Mr. Yates personally and directly controlled Iris Connex. *Id.* Moreover, Mr. Yates independently performed pre-suit diligence and personally controlled Iris Connex's settlement posture, how it would reach out to the defendants, as well as the decision to declare bankruptcy. *Id.* at 853–54.

On the record before it, the Court cannot conclude that Mr. Gorrichategui's behavior rose to a similar level that warrants personal liability. BlackBerry generally points to the contradictory nature of Mr. Gorrichategui's testimony and later-filed declaration as its basis for holding him personally and severally liable. In comparing these facts to those of cases in which courts have held non-parties personally liable for attorney's fees, these facts fall short. *Cf. Alliance for Good Gov't v. Coalition for Better Gov't*, No. 17-3679, 2020 WL 1503533, *3–4 (E.D. La. Mar. 30, 2020) (holding defendant's counsel directly liable for fees because she was personally responsible for filing meritless motions and counterclaims and behaving unreasonably during discovery).

## B. Mr. Ramey

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of attorney's' fees under § 1927 requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, LP*, 739

10

F.3d 848, 871 (5th Cir. 2014). Sanctions under § 1927 are "'punitive in nature and require clear and convincing evidence' that sanctions are justified." *Id.* at 872 (quoting *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)). Further, "[a]n unsuccessful claim is not necessarily actionable" under § 1927. *Ortiz & Associates Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2024 WL 81553, at *2 (Feb. 27, 2024) (citing *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1256 (5th Cir. 1991)).

BlackBerry argues that Plaintiff's counsel, Mr. Ramey, should be jointly and severally liable for any attorney's fees because he "has a history of filing lawsuits to obtain nuisance settlements driven by litigations costs rather than the merits of the case" and a history of being sanctioned "for issues with his complaints and lack of pre-suit investigation." ECF No. 62 at 14–15. BlackBerry also argues that "Ramey should not be permitted to serially file objectively unreasonable lawsuits . . . using judgment-proof assertion entities as a shield." *Id.* at 15 & n.6. BlackBerry also emphasizes that "Ramey launched a series of unfounded and unprofessional attacks against counsel for BlackBerry" at different points in this case, citing statements Mr. Ramey made in email communications. *Id.* at 14.

Mr. Ramey contends that his history of lawsuits against BlackBerry on behalf of various entities over the past two years is not synonymous with acting in bad faith. ECF No. 65 at 8. He asserts that the cases BlackBerry cites in which attorney's fees were awarded are "completely unrelated" and based "solely on speculation and conjecture." *Id.* at 9. Mr. Ramey further argues that his statements simply were in defense of himself and his client from unwarranted attacks, not a show of disrespect. *Id.* at 8.

The Court finds sufficient evidence in the record to show bad faith, improper motive, reckless disregard of duty, or unreasonable multiplication of the proceedings on the part of

Plaintiff's counsel. Mr. Ramey has been cautioned about pre-filing failures before, and such warnings "aid[] the Court in finding frivolousness, motivation, and the need to advance considerations of compensation and deterrence." *ZT IP*, 2023 WL 1785769, at *3. Yet, as explained above, Plaintiff's counsel failed to conduct an adequate pre-filing investigation in this case. Furthermore, as Plaintiff's counsel, much of the subpar conduct exhibited in this case can be directly attributed to him (*e.g.*, missing deadlines, failing to engage in this Court's discovery dispute process, increasingly hostile responses, repeatedly ignoring BlackBerry's discovery requests).[2] *See* ECF No. 62 at 3–5. Thus, the Court holds Mr. Ramey personally liable for BlackBerry's attorney's fees under § 1927.

### III. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** BlackBerry's Motion for Attorney's Fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927 and holds Plaintiff and Mr. Ramey jointly and severally liable. However, the Court **DENIES** BlackBerry's Motion to hold Mr. Gorrichategui jointly and severally liable for attorney's fees pursuant to 35 U.S.C. § 285.

The Court **ORDERS** BlackBerry to submit to the Court an accounting of its attorney's fees with an explanation as to why those fees are reasonable within fourteen days of the date of this Order. *See* Fed. R. Civ. P. 54(d)(2)(B) Advisory Committee Note (1993) ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must be submitted in due course . . . ."). Plaintiff may respond no later than fourteen days from the date of BlackBerry's submission.

---

[2] As another example, after the hearing on this Motion, Plaintiff and Plaintiff's counsel filed a Motion for Leave to File Additional Evidence. ECF No. 85. At the end of this Motion for Leave was an "Ex. A." *Id.* at 4–6. However, this Ex. A is a "Surreply in Opposition to Defendant's Motion to Dismiss Under 35 U.S.C. § 101" that appears to have been intended for another case. *See id.* Regardless, the Court denied Plaintiff's Motion for Leave, concluding that the "additional evidence" relevant to this case did not "bring to light anything that ha[d] not already been discussed in the briefing or at the hearing." ECF No. 89. Indeed, the "additional evidence" was already in the record.

**SIGNED** this 25th day of February, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE